## LUCE *v.* STATE HIGHWAY COMMISSIONER.

1. HIGHWAYS — COUNTIES — TRUNK LINE HIGHWAYS — STATE REWARD HIGHWAYS—STATUTES.

Under Act No. 334, Pub. Acts 1913, establishing trunk line highways and providing for State assistance in creating and maintaining them, the counties of Branch, Calhoun and St. Joseph were not entitled to petition the State highway commissioner to establish a trunk line highway which was not part of the highway system designated in the act: the proviso in section 2 being intended to apply to counties which disagree as to the course of the trunk line highways. Mandamus will not issue to require the commissioner to survey and furnish estimates for such proposed line of highway separate from or disconnected with the main or trunk lines.

2. STATUTES—CONSTRUCTION—PROVISO.

The general office of a proviso is to limit, modify and explain the main part of the section to which it is attached rather than to enlarge its provisions, unless it is clearly the intention of the legislature to give the proviso a more comprehensive effect.

Certiorari to Branch; Knowlen, J. Submitted June 16, 1914. (Calendar No. 26,252.) Decided July 24, 1914.

Mandamus by Emery G. Luce and others, as board of county road commissioners of Branch county, against Frank F. Rogers, State highway commissioner, for an order requiring respondent to entertain a petition of relators for the establishment of a State reward trunk line highway. Writ denied. Relators bring error. Affirmed.

*C. C. Johnson, Charles U. Champion,* and *Lockerby & Bowen,* for appellants.

*Grant Fellows,* Attorney General, and *Samuel D. Pepper,* Assistant Attorney General, for appellee.

KUHN, J. The legislature, at its session in 1913, passed Act No. 334, with this title:

"An act to provide for the establishment, survey, improvement and maintenance of State reward trunk line highways, to provide for the payment of double State reward thereon, to define the duties of State, county, good roads district and township officers in regard thereto, and to appropriate funds to carry out the provisions thereof."

Section 1 of the act provides as follows:

"Provision is hereby made for the establishment of State reward trunk line highways. These highways which are laid out as hereinafter provided shall be improved, surveyed, maintained and rewarded in accordance with the provisions of this act."

Section 2 is in part as follows:

"The State reward trunk line highways shall be composed of the highways and bridges constituting the routes indicated in the following statement of divisions."

Then follow 10 divisions, which provide for con-

tinuous highways between terminal points, the course of the highways being indicated by reference to various cities and villages along the proposed lines. At the end of section 2 is the following proviso:

"*Provided*, that upon petition of two or more contiguous counties through their boards of county road commissioners in counties under the county road system, or through their boards of supervisors in other counties, or upon his own action, the State highway commissioner shall make preliminary surveys and such other investigations as he shall deem necessary of one or more routes for State reward trunk line highways, through such counties. After investigation the State highway commissioner shall submit to such county road commissioner, boards of supervisors, good roads district commissioners or township boards as the case may be, maps showing feasible routes and approximate estimates of cost of building over each of said routes, when the said boards shall concur upon one of such routes which shall then be known as a part of the State reward trunk line highway system. The maximum number of miles of trunk line highways which may be established in any county, shall be computed by multiplying the number of surveyed townships by three fractional townships to be computed *pro rata*."

It is the construction of this proviso which occasioned the present controversy. Relators contend that this proviso is practically a separate enactment providing for the establishment of additional trunk line highways other than those mentioned in any one or all of the 10 divisions in section 2 of the act. The counties of Branch, Calhoun, and St. Joseph, being three contiguous counties under the county road system, made application through their respective boards of county road commissioners to the State highway commissioner for a State reward trunk line through their respective counties, which line was no part of the lines specifically designated in the several divisions of the act. The county authorities took the preliminary steps for the establishment of the high-

way, and on the 16th day of February, 1914, the relators, who are the board of county road commissioners of Branch county, by resolution and a notice advised respondent of the establishment of the highway, the raising of the necessary money therefor, and requesting of him a survey, plans, and specifications and a State reward under provisions of said Act No. 334. Acting upon an opinion of the attorney general of the State that there was no authority of law for such action, the respondent refused to act, and a petition for mandamus was filed in the circuit court of Branch county to compel the respondent to proceed as prayed for in the petition. After a hearing, the petition was denied, and the proceeding is brought here by certiorari for review.

The construction placed upon the proviso by the attorney general is that its purpose was simply to provide a means of settling conflicting claims of various counties through which the divisions pass as to the exact routes to be selected, and that the trunk line system is confined exclusively to the 10 divisions enumerated in section 2. Relators claim that section 9, which provides as follows:

"The State highway commissioner shall as soon as practicable after the taking effect of this act cause preliminary surveys to be made and establish the routes of the several divisions of the State trunk line highways herein provided for, and he is hereby empowered to employ such engineers, clerks and other employees as may be necessary to carry out the provisions of this act"

—gives the State highway commissioner the sole and arbitrary power to select the highways. The legislature did not attempt in the act to define exactly the course of each trunk line highway, but simply indicated the general direction by referring to various cities and villages along the proposed route. The greater part of the burden of improving these high-

ways falls upon the localities themselves, and where there are more than one route between two points in a division which could be utilized for the purpose of the trunk line highway, it seems reasonable that the locality upon which the greater part of the burden of improvement falls should have some voice in the selection of the route. It is claimed, and we are satisfied that it is the proper construction to give the proviso, that it was this that the legislature had in mind in adding the proviso to section 2. This then provides the machinery in case of a dispute between counties as to the proposed route, and the powers granted the State highway commissioner by section 9 must be considered in connection with the proviso. In case of such dispute, it would become the duty of the State highway commissioner to make surveys of the different routes which might be followed, and to submit them to the localities so that they might decide for themselves as to which route should be finally adopted by the State highway commissioner. A reading of the whole act is convincing that it was the intention of the legislature to establish trunk line highways in the same sense as we use the words "trunk line" as applied to railroads connecting termini which are some distance apart. This construction of the proviso is in harmony with the general rule of statutory construction that the office of a proviso is to limit, modify, or explain the main part of the section to which it is attached, rather than to enlarge its provisions, unless it is clearly apparent that the legislature intended a more comprehensive meaning. 36 Cyc. p. 1131; Endlich on the Interpretation of Statutes, §§ 185, 186.

Before being advised by the attorney general, it appears that the State highway commissioner construed the act as now contended for by relators, and it is urged that the construction placed upon a statute by the officer whose duty it is to execute it is entitled

to great consideration. This is a recent act of the legislature, and the construction relied upon was not followed for any length of time. The construction placed upon the act by the State highway commissioner was undoubtedly a matter of first impression, and he changed his views when advised by the attorney general, whose duty it is to advise the various State officers as to these matters.

The judgment of the circuit court is affirmed, with costs.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.