ERDELYI *v.* ERDELYI.

1. STATUTES—PROVISO REFERS TO PRECEDING MATTER.
   A proviso in a statute has relation to preceding matter only and cannot be construed to be independent legislation, unless expressly stated to be otherwise or is clearly made so.

2. MORTGAGES—DEFICIENCY—SUSPENSION OF ENFORCEMENT—STATUTES—EQUITY FORECLOSURE.

Proviso of statute suspending enforcement of certain deficiency judgments until after a certain future date, which followed clause relative to foreclosure proceedings originating by advertisement, *held*, inapplicable to suit to foreclose in equity and sale under decree made and confirmed and deficiency established, hence mortgagee who foreclosed in equity was entitled to summary judgment for deficiency in action at law (Act No. 98, § 3, Pub. Acts 1933, as last amended by Act No. 3, Pub. Acts 1935).

Appeal from Wayne; Campbell (Allan), J. Submitted January 5, 1937. (Docket No. 20, Calendar No. 39,174.) Decided March 2, 1937.

Assumpsit by Julia Erdelyi against Charles Erdelyi for a deficiency after foreclosure of a real estate mortgage. From denial of a motion for summary judgment, plaintiff appeals. Reversed and remanded with instructions to enter judgment for plaintiff.

*Samuel H. Rubin* (*Melba Levin-Rubin*, of counsel), for plaintiff.

WIEST, J. Under foreclosure, in equity, of a real estate mortgage plaintiff obtained a decree for deficiency against defendant and brought this action at law thereon. Plaintiff moved for summary judgment. Defendant filed no affidavit of merits but invoked the provisions of Act No. 98, Pub. Acts 1933, as last amended by Act No. 3, Pub. Acts 1935, and summary judgment was denied. No moratorium relief was asked except it be found in the invoked prohibition of the mentioned statute.

The court held that the following proviso attached to section 3 of the act as amended precluded entry of judgment:

"Provided further, That no action shall be taken to enforce a deficiency judgment entered after January one, nineteen hundred thirty-three, or that may be hereafter entered, until after March first, nineteen hundred thirty-seven."

Section 3 as amended has reference to foreclosures by advertisement, or so originating and taken over as provided therein by bill in chancery and the quoted proviso is preceded by the following:

"In no case where the proceedings originated by advertisement shall a deficiency judgment or decree be entered."

The foreclosure here involved was instituted in equity and sale under decree was made, confirmed and the deficiency established.

It is elementary that a proviso in a statute, unless expressly stated to be otherwise, or by context clearly so, has relation to preceding matter only and cannot be construed to be independent legislation.

As stated in *United States* v. *Morrow*, 266 U. S. 531, 534 (45 Sup. Ct. 173):

"The general office of a proviso is to except something from the enacting clause, or to qualify and restrain its generality and prevent misinterpretation. * * * Its grammatical and logical scope is confined to the subject-matter of the principal clause. * * * And although sometimes used to introduce independent legislation, the presumption is that, in accordance with its primary purpose, it refers only to the provision to which it is attached."

See, also, *Luce* v. *State Highway Commissioner*, 181 Mich. 599.

It clearly appears from the context of the statute that the proviso was employed in its so-called pri-

mary sense and, therefore, applies only to fore-closures by advertisement.

The provision invoked by defendant and employed by the court has no applicability to the case at bar.

The case is remanded to the circuit court with direction to enter judgment in favor of plaintiff. Plaintiff will recover costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.