SOUTHWARD v. WABASH RAILROAD COMPANY.

1. Death—Statutes—Railroad Death Act—Implied Repeal.
   The general death act of 1848, as amended in 1939, impliedly repealed article 5, §§ 7, 8 of the 1873 general railroad act, where the title of the act, as amended in 1939, expressly discloses the legislature's intent "to repeal inconsistent acts," there are provisions in such sections of the railroad act which are inconsistent with those of the act, as amended in 1939, and the latter act provided that "all actions for such death, or injuries resulting in death, shall hereafter be brought only under this act" (CL 1948, §§ 467.7, 467.8, 691.581 et seq.).

2. Statutes—Repeals—Implied Repeal.
   Fact that a later act specifically referred to certain acts does not preclude construction of the later act as impliedly repealing inconsistent acts not specifically referred to.

3. Courts—Construction of Statutes—Implied Repeal.
   Decisions, construing the general death act, as amended in 1939, which did not intimate that other acts than those specifically referred to therein were impliedly repealed, do not give rise to the inference that implied repeals were not effected, where such issues were not raised in such cases in the Supreme

References for Points in Headnotes

[1, 3] 16 Am Jur, Death § 59.
[2–7] 50 Am Jur, Statutes § 534 et seq.
[2–7] Constitutional requirement that repealing statute refer to statute repealed as applicable to repeal by implication. 5 ALR2d 1270.

Court, especially in view of the fact that since 1939 no case is shown to have been decided wherein recovery has been allowed under article 5, §§ 7, 8 of the general railroad act, here claimed to have been impliedly repealed by the death act, as amended in 1939 (CL 1948, §§ 467.7, 467.8, 691.581 *et seq.*).

4. STATUTES—IMPLIED REPEAL—COMPILATIONS.
   Presumption that an earlier act was not impliedly repealed by a later inconsistent act does not arise by reason of the fact that compilers do not omit the earlier act when compiling the statutes.

5. SAME—IMPLIED REPEAL.
   Repeals by implication are not favored, but do happen, and, when clear, must be given effect.

6. SAME—INCONSISTENT ACTS.
   It must be presumed that the legislature intended a repeal by the enactment of a statute that is so at variance with an earlier act that both cannot be given effect.

7. SAME—IMPLIED REPEAL—TITLE OF ACT.
   It is unnecessary that the title of an act express that an effect of the act is to repeal another act by implication.

8. DEATH—PLEADING—STATUTES.
   An order striking from plaintiff's declaration the allegations therein under which he asserts right to recovery under provisions of article 5, §§ 7, 8 of the general railroad act was proper, where such provisions have been impliedly repealed by the general death act, as amended in 1939 (CL 1948, §§ 467.7, 467.8, 691.581 *et seq.*).

Appeal from Monroe; Golden (Clayton C.), J. Submitted June 7, 1951. (Docket No. 47, Calendar No. 45,142.) Decided September 5, 1951.

Case by Clarence A. Southward, administrator of the estate of David A. Southward, deceased, against Wabash Railroad Company for damages under railroad act. Order made striking from declaration reference to railroad act. Plaintiff appeals. Affirmed and remanded.

*Glenn C. Gillespie,* for plaintiff.

*Walter A. Kleinert* and *Louis E. Burke,* for defendant.

North, J. The primary question on this appeal is this: Were sections 7 and 8, art 5, of the general statute (PA 1873, No 198 [CL 1948, §§ 467.7, 467.8 (Stat Ann §§ 22.288, 22.289)]) providing for the incorporation and regulation of railroad companies repealed by implication by the so-called death act (PA 1848, No 38, as amended by PA 1939, No 297 [CL 1948, § 691.581 *et seq.* (Stat Ann 1949 Cum Supp § 27.711 *et seq.*)])? The trial court in effect held that said sections of PA 1873, No 198, as contended by defendant, were repealed by implication. Plaintiff has appealed, permission having been granted.

In the instant case plaintiff, as administrator of his adult son's estate, brought suit against the defendant railroad company to recover for the instant death of plaintiff's son which was caused by defendant's train striking, at a highway crossing, an automobile in which plaintiff's decedent was an occupant. It is specifically alleged in the declaration that plaintiff "is duly authorized to bring this action for and in behalf of said estate under the laws of the State of Michigan, *and especially under PA 1873, No 198* * * * (and) to recover all damages and pecuniary injuries resulting from the death of David A. Southward, for the benefit of his father, Clarence A. Southward and his mother, Margaret M. Southward, who, under the law, would be entitled to inherit the property and estate of their deceased son if he had died intestate." And the declaration further contains the following:

"Prior to the death of his son, plaintiff received a severe injury to his back and spine from which he never fully recovered, and, as a result, was unable to perform hard physical labor necessary to operate his small farm near the village of Milan, Michigan,

and to properly support his family. In recognition of his duty to assist and support his parents, deceased quit his employment at the General Motors Company plant at Pontiac, Michigan, and agreed to return to plaintiff's home for the purpose of helping his parents and rendering assistance in the farm work. At the time of his death deceased was living at his parents' home as a member of the family, contributing $10 per week towards the family expenses, and assisting plaintiff in the operation of the farm during his spare time, without which assistance plaintiff would have been unable to continue to properly work the same. The services so performed by deceased were of the value of $100 per month and upward. * * * As the direct result of the negligent acts of defendant's employees which resulted in the death of said David A. Southward, his said father and mother, who would have been entitled under the law to inherit his personal property if he had died intestate, and, in whose behalf this action is brought, sustained pecuniary damages in the amount of $50,000, in that they were deprived of the weekly contributions made by deceased, and, lost the aid and assistance which he rendered on the farm, which contributions and assistance would have continued during the joint lifetime of deceased and his parents, or, until he married and established a home for himself, for the recovery of which this suit is brought."

Defendant moved to strike from the declaration the above italicized words on the ground that the 1873 act by implication was repealed by PA 1848, No 38, as amended by PA 1939, No 297. The trial court granted defendant's motion to strike. The court's order to strike covered other allegations in the declaration, but we deem it unnecessary to detail them herein. The issue presented on this appeal is important because it controls the measure of recovery in the event plaintiff prevails. The following is stated in appellant's brief:

"If the action of the trial court is sustained, it is defendant's contention that under the amended death act * * * damages which may be recovered are limited to expenses of funeral and burial. On the other hand it is plaintiff's contention that he is entitled to maintain the action under the railroad act, and, under the following decisions, among others, construing that statute (citing cases wherein the Court passed upon recoverable items of damage)."

The pertinent portion of the railroad act (PA 1873, No 198) reads:

"Sec. 7. Whenever the death of a person shall be caused by wrongful act, neglect, or default, of any railroad company, or its agents, and the act, neglect, or default is such as would (if death had not ensued) entitle the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the railroad corporation which would have been liable if death had not ensued shall be liable to an action on the case for damages, notwithstanding the death of the person so injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 8. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in any such action, shall be distributed to the persons, and in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such amount of damages as they shall deem fair and just, to the persons who may be entitled to such damages when recovered: Provided, Nothing herein contained shall affect any suit or proceedings heretofore commenced and now pending in any of the courts of this State." CL 1948, §§ 467.7, 467.8 (Stat Ann §§ 22.288, 22.289).

The title and provisions in the more recent death act (PA 1939, No 297\*) are in part as follows:

"An act requiring compensation for causing death and injuries resulting in death by wrongful act, neglect or default; to prescribe the measure of damages recoverable and the distribution thereof; *and to repeal inconsistent acts.*

"Sec. 1.   Be it enacted by the senate and house of representatives of the State of Michigan, whenever the death of a person or injuries resulting in death, shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. *All actions for such death, or injuries resulting in death, shall hereafter be brought only under this act.*"   CL 1948, § 691.581 (Stat Ann 1949 Cum Supp § 27.711).

Section 2 of the act (CL 1948, § 691.582 [Stat Ann 1949 Cum Supp § 27.712]) specifies the elements of damage for which recovery may be had and for distribution of the amount recovered.   Section 3 reads:

"Insofar as the provisions thereof are inconsistent with the provisions of Act No 38 of the Public Acts of 1848 as amended by this act, section 32 of chapter 12 of Act No 314 of the Public Acts of 1915, being section 14040 of the Compiled Laws of 1929 is hereby repealed."   CL 1948, § 691.583 (Stat Ann 1949 Cum Supp § 27.713).

In appellant's brief several ingenious reasons are assigned in support of the contention that sections

---

\* Amending PA 1848, No 38.—Reporter.

7 and 8 of the railroad act, above quoted, were not impliedly repealed by the more recent death act from which we have just above quoted; but such reasons fall in the face of the very definite provisions in PA 1939, No 297.* Among such reasons urged by appellant are the following:

(1) "No language indicating intention to repeal appears in the 1939 act." In our judgment this reason is not justified by the record. Instead there are provisions in the former act which are inconsistent with those in the 1939 act. Further, the title to the 1939 act expressly discloses the legislature's intent "to repeal inconsistent acts," and section 1 provides: "All actions for such death, or injuries resulting in death, shall hereafter be brought only under this act."

(2) Nor are we in accord with appellant's reasoning that since the amendatory act of 1939 in the matter of repeal or amendment refers only to the former death act (PA 1848, No 38) and the former survival act (PA 1915, No 314, ch 12, § 32 [CL 1948, § 612.32 (Stat Ann § 27.684)]), therefore it must be concluded that it was not intended by the 1939 act to amend or by implication repeal the pertinent portions of the railroad act (PA 1873, No 198, particularly article 5, §§ 7, 8 [CL 1948, §§ 467.7, 467.8 (Stat Ann §§ 22.288, 22.289)]).

(3) In support of appellant's contention it is also urged that notwithstanding this Court on 3 occasions since the 1939 amendment has rendered decisions† wherein the 1939 amendment has been considered and construed, but in none of such cases have we in any way intimated that any other acts were amended or repealed with the exception of the former death act and the survival act. We are not persuaded that

---

* See footnote, page 143.—Reporter.

† *In re Olney's Estate,* 309 Mich 65; *Grimes* v. *King,* 311 Mich 399; *Baker* v. *Slack,* 319 Mich 703.

because of that circumstance it should be inferred, as plaintiff asserts, that by the 1939 amendment the pertinent portions of the railroad act were not amended or repealed by implication. Also, it may be noted that the issue involved in the instant case was not raised in any way in any of those 3 cases; and further since the passage of the 1939 amendment there has not been recovery under the railroad act for a negligently caused death, so far as we are advised, in any case reviewed by this Court.

(4) In support of appellant's contention that the 1939 act did not by implication repeal the pertinent provisions of the railroad act, it is asserted that since in the compilation of Michigan Statutes Annotated and the Compiled Laws of 1948, published subsequent to 1939, the compilers have not deleted the pertinent portions of the railroad act, it is fair to presume that such portions of the railroad act were not repealed either expressly or by necessary implication. We are not impressed with this suggestion. It might be considered somewhat presumptuous for the compilers to have omitted from the more recent compilations of Michigan statutes the provisions of a previously enacted statute which had not been expressly repealed by the legislature or been adjudicated by this Court to have been repealed by necessary implication. And embodying in subsequent compilations of the statutes the earlier acts is not without precedent or pertinent judicial comment. In *Spillman* v. *Weimaster,* 275 Mich 93, 98, clearly irreconcilable statutes were involved, and it was stated in the Court's opinion:

"Their terms are, therefore, repugnant, and we can find no reasonable hypothesis whereby effect might be given to both. We are therefore constrained to follow the well-settled rule, that a later statute covering the same ground as a former supersedes the former."

In *City of Gladstone* v. *Throop* (CCA), 71 F 341, separate and irreconcilable acts concerning towns and villages were incorporated in Howell's Annotated Statutes. Relative to that circumstance the court said:

"We must not be confused, then, by the fact that chapter 82 and chapter 81 are printed in the compilation as though both are in force; for if they contain inconsistent provisions concerning the same subject-matter, the earlier must be deemed *pro tanto* repealed."

In addition to the reasons hereinbefore suggested, in consequence of which we are not in accord with appellant's contention that sections 7 and 8 of the railroad act were not impliedly repealed by PA 1939, No 297, we think the express provisions of the 1939 act necessitate the conclusion that there was repeal by implication. The title designates the act as one intended "to repeal inconsistent acts." Section 1 provides: "All actions for such death, or injuries resulting in death, shall hereafter be brought *only* under this act;" and hence it appears plainly inconsistent with a conclusion that such suit might still be brought under the provisions of the railroad act. In so holding we are mindful that in this jurisdiction repeals by implication are not favored; but in numerous cases we have held in accordance with the following:

"Repeals by implication are not favored, but do happen, and, when clear, must be given effect." *C. N. Ray Corporation* v. *Secretary of State*, 241 Mich 457, 462.

"The rule as stated  *  *  *  that if the provisions of a later statute are so at variance with those of an earlier act, or a part thereof, that both cannot be given effect then the later enactment controls and there is a repeal by implication. In such a case it

must be presumed that the legislature intended a repeal." *Jackson* v. *Michigan Corrections Commission,* 313 Mich 352, 357.

Appellant also makes the following contention: "PA 1939, No 297, if construed as repealing by implication any portion of the general railroad act is unconstitutional, because no such object is expressed in its title." And, further: "If any language can be found in the body of the act which repeals the sections of the railroad act in question, then we submit the statute is unconstitutional because no such object is expressed in its title." We have previously passed upon a like contention and held it was without merit.

· "It is unnecessary that title of an act express that an effect of the act is to repeal another act by implication." *Weco Products Co.* v. *Sam's Cut Rate, Inc.* (syllabus), 296 Mich 190.

The ruling of the trial court striking from plaintiff's declaration the allegations therein under which plaintiff asserts right to recovery in the instant case under the railroad act (PA 1873, No 198, §§ 7, 8 [CL 1948, §§ 467.7, 467.8 (Stat Ann §§ 22.288, 22.289)]) is affirmed. Costs to appellee. The case is remanded to the circuit court for further proceedings.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.