PRENTKIEWICZ v. KARP.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT NON OBSTANTE VERE-
DICTO—EVIDENCE.

The Supreme Court reviews the facts in a light most favorable
to the plaintiff on appeal from denial of defendants' motion
for judgment *non obstante veredicto.*

2. AUTOMOBILES—GROSS NEGLIGENCE—QUESTION FOR JURY—EVI-
DENCE.

Evidence adduced in guest passenger's action against owner and
minor operator of car for injuries sustained when car collided
with a tree *held,* to present a question for jury as to whether
or not the operator was guilty of gross negligence and whether
it was the proximate cause of plaintiff's injuries, where there
was testimony regarding the state of mind of the driver, speed
and manner of operation of the car, and demand of plaintiff
passenger that she slow up (CLS 1961, § 257.401).

3. SAME—GUEST PASSENGER—HOST DRIVER'S CONDUCT.

Liability under the guest passenger act is imposed not alone
because the host driver violates warnings, speeds, or is in-
attentive to traffic or rules of the road, but because the host
driver's conduct, usually made up of the sum total of these
factors, exhibits a high degree of danger, a manifest prob-
ability that harm will result therefrom, and an utter disregard
of the probable consequences (CLS 1961, § 257.401).

4. SAME—GUEST PASSENGERS—GROSS NEGLIGENCE—DRIVER'S STATE
OF MIND.

The state of mind of the driver is involved in every action in
which a guest passenger alleges gross negligence, a matter

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2–4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 486, 506–
523.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 525.
[6] 5 Am Jur 2d, Appeal and Error § 886.
8 Am Jur 2d, Automobiles and Highway Traffic § 1039.

necessarily one of inference from the facts in each case, doubtful cases calling for jury instructions and jury verdict (CLS 1961, § 257.401).

5. SAME—GUEST PASSENGER—ASSUMPTION OF RISK.
   Assumption of risk *held,* not a defense barring recovery by a plaintiff guest passenger in action under guest passenger act (CLS 1961, § 257.401).

6. SAME—GUEST PASSENGER—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO.
   Trial court's refusal to direct verdicts for defendants owner and operator of car in which plaintiff was a guest passenger and in denying defendants' motions for judgment *non obstante veredicto held,* not error, where the entire record is reviewed (CLS 1961, § 257.401).

Appeal from Muskegon; Van Domelen (Harold), J., presiding. Submitted March 2, 1965. (Calendar Nos. 61, 62, Docket Nos. 50,472, 50,473.) Decided May 10, 1965.

Case by Sandra Prentkiewicz, a minor, by Leona Pearo, next friend, against Josephine M. Karp and Marlene Parks for personal injuries sustained while a guest passenger in automobile involved in 1-car accident. Similar action by the same plaintiff, her parents and the State of Michigan for medical expense. Cases consolidated for trial and on appeal. Single verdict with stipulation as to amounts of judgments for plaintiffs in each case. Defendants appeal. Affirmed.

*James J. Kobza,* for plaintiffs.

*Scholten & Fant (Harvey L. Scholten* and *Charles A. Larnard, Jr.,* of counsel), for defendant Karp.

*Landman, Grimm, Bradbury & Laurin (V. S. Laurin,* of counsel), for defendant Parks.

T. M. KAVANAGH, C. J.   On February 15, 1961, Sandra Prentkiewicz, a minor, instituted suit in the circuit court for the county of Muskegon, by her next friend, to recover for damages sustained while riding as a passenger in an automobile owned by defendant Josephine M. Karp and operated by defendant Marlene Parks.   A companion case was also instituted by the parents of the minor to recover for medical expenses and the same was consolidated with the minor's case on trial.

Plaintiff sought recovery under the statute[1] on the theory of gross negligence on the part of Marlene Parks, driver of the vehicle on the day of the accident, June 26, 1959.   The following facts are material to the decision in this case:

Josephine Karp, owner of the car here involved, allowed her son Michael Karp, who was home from the service, the use and control of her car.   He, together with two other boys and two girls, plaintiff Sandra Prentkiewicz and defendant Marlene Parks, gathered at Sandra's home.   Some beer was consumed and they decided to get some more.   Two of the boys did not have a driver's license.   Marlene and Sandra were instructed by Michael to take the other two boys to get the beer, as they appeared to be the only ones who would be able to buy it; all were under the age of 21.   Both girls argued over who was to drive.   Plaintiff Sandra drove to a store in Muskegon, where the boys purchased a case of beer and put it in the trunk of the car.   Marlene Parks insisted on driving back.   She had previously driven Michael's car, although she did not have a driver's license, and claimed to have been experienced in driving this car, once driving it for 20 miles at speeds up to 115 miles per hour.

---

[1] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

. After leaving the store where they purchased the beer, Marlene accelerated the car to 40 or 45 miles per hour on Getty street in the city of Muskegon and to approximately 60 miles per hour on Marquette street. She was asked to slow down by plaintiff, and did so. As the car approached Sheridan drive she made a stop and the car ahead started fast and threw some gravel and stones against the car defendant was driving. At this point Marlene made a remark which was testified to as calling the driver an "idiot." She was disturbed and excited about the actions of the driver of the car ahead, who had squealed his wheels as he pulled away from the stop. She stated she wanted to make or hear her own wheels squeal; that she liked to hear car wheels squeal; and wondered whether she could make them squeal on the turn she was about to make. She rounded the corner very fast, hit some gravel, ran off to the right side of the road, then all over the road, crashing off a telephone pole, knocking down a speed sign, and then ran off the road and collided with a tree, wrapping the car around the tree and severely injuring plaintiff, who was a passenger in the front seat with her. Defendant Marlene Parks claims not to remember anything after starting to make the turn.

Defendants claim Marlene was an inexperienced driver, and froze, panicked, and pressed her foot on the accelerator rather than the brake. Defendants also claim it was 282 feet from the center of the intersection of Marquette and Sheridan to the point of impact; and that the car after it left the road continued on a straight line to the tree which it struck, and that defendant driver could have turned to the right or left just a few feet and missed the tree, but because of her inexperience she continued to depress the accelerator rather than the

brake, so that the car was propelled ahead instead of being stopped.

Defendants contend that as a matter of law defendant driver Parks was not guilty of gross negligence in her driving and that the injuries suffered by plaintiff were not the proximate result of any wilful or wanton misconduct on the part of defendant driver, and that plaintiff assumed the risk when she rode with an untrained and inexperienced driver.

On the other hand, plaintiff contends there were facts from which the jury might have found gross negligence under the circumstances, and the trial court so found and submitted the question to the jury. The jury returned a verdict in plaintiff's favor.

Defendants moved for a judgment *non obstante veredicto,* which was denied by the trial court *without opinion.* Defendants appeal from the denial of the motion and the judgment.

Defendants claim the facts in this case do not constitute gross negligence as defined by this Court on the basis that there was no persistency, no continuation which would lead an ordinary person to believe that harm would result and that the claimed gross negligence all happened within a period of 3 or 4 seconds so that no warning was available to the driver.

Defendants further contend that if there was any gross negligence in the way in which the driver turned the corner, such had come to rest as the driver still had an opportunity to stop the car had she removed her foot from the accelerator and depressed the brake, or had she turned the steering wheel to the left; that the accident and injuries were not the proximate result of the manner in which the car turned, but the result of the inexperience and lack of proper training of the driver; that under the circumstances the plaintiff assumed the risk for her

safe journey and as such should not be entitled to recovery.

The principal question we consider is whether or not defendant Marlene Parks, driver of the car, was guilty of acts which were sufficient to submit the question of gross negligence to the jury.

We have repeatedly held that on appeal from denial of motion for judgment *non obstante veredicto,* this Court reviews the facts in a light most favorable to the plaintiff. See *Anderson* v. *Gene Deming Motor Sales, Inc.,* 371 Mich 223; *Tacie* v. *White Motor Co.,* 368 Mich 521.

The testimony elicited from the witnesses in this case regarding the state of mind of the driver, the speed of the vehicle, the manner in which it was operated, her previous operation of the same car, the demand of a passenger that she slow up, together with other facts brought out, in their totality might well lead reasonable minds to differ as to whether the defendant driver in this case was guilty of gross negligence and whether such negligence was a proximate cause of plaintiff's injuries.

Applicable to the instant controversy is Justice TALBOT SMITH's statement in *Stevens* v. *Stevens,* 355 Mich 363, 371, regarding liability under the guest statute:

"It is normally imposed not alone because a host driver violates warnings, not alone because he speeds, not alone because he is inattentive to traffic or the rules of the road. It is imposed because the conduct, usually made up of the sum total of these factors, manifests a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences."

In *Turner* v. *Cotham,* 361 Mich 198, this Court held the state of mind of the driver is obviously involved in every action in which a guest passenger alleges

gross negligence and that such matter is necessarily a matter of inference from the facts in each case. See, also, *Tien* v. *Barkel,* 351 Mich 276, where this Court held that the doubtful case in each instance calls for jury instructions and jury verdict rather than a verdict by direction of the court.

In this case the trial court correctly submitted the question of gross negligence to the jury, since reasonable minds could differ as to whether, from the totality of facts, defendant Marlene Parks was guilty of acts constituting gross negligence and whether such acts were a proximate cause of the accident.

Defendant's contention that plaintiff, as a matter of law, should be barred from recovery because she assumed the risk, when she permitted Marlene to drive, is no longer tenable. See *Felgner* v. *Anderson,* 375 Mich 23.

Based on a review of the entire record, we conclude that the trial court was not in error in refusing to direct a verdict for the defendants and in denying defendants' motions for judgment *non obstante veredicto.*

The judgment is affirmed. Plaintiffs shall have costs.

BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred with T. M. KAVANAGH, C. J.

DETHMERS, KELLY, and SMITH, JJ., concurred in result.