GOREE v. RUSSELL.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   All of the evidence must be considered in the light most favorable to the plaintiff in reviewing a directed verdict for defendant.

2. AUTOMOBILES—GROSS NEGLIGENCE—STATUTES.
   The elements necessary to establish gross negligence under the vehicle code are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 849.
[2] 38 Am Jur, Negligence §§ 43, 47.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 487, 507, 719, 1011.

omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (CLS 1961, § 257.401).

3. SAME—GROSS NEGLIGENCE—DIRECTED VERDICT—GUEST PASSENGER. Directed verdict for defendant driver in an action by guest passenger alleging gross negligence *held*, reversible error, where there was evidence that defendant was racing with another vehicle over the protest of his passengers, that defendant was traveling at a high rate of speed, that defendant was requested to stop and did stop for a red traffic signal, but thereafter resumed the race, colliding with a pole as he attempted a left turn at such a high rate of speed that the impact knocked the wheels off his vehicle and the motor loose, since such evidence might well lead reasonable minds to differ as to whether defendant was guilty of gross negligence proximately causing plaintiff's injuries.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 February 6, 1967, at Detroit. (Docket No. 2,320.)   Decided June 13, 1967.

Complaint by Margaret Goree and Calvin Goree against Alfonsa Russell for damages resulting from injuries sustained by Margaret Goree while a guest passenger in an automobile owned and driven by defendant.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Reversed.

*Leithauser & Grossbart (Julius M. Grossbart,* of counsel), for plaintiffs.

*Rouse, Selby, Webber, Dickinson & Shaw (Thomas H. Cannon,* of counsel), for defendant.

T. G. KAVANAGH, J.   Plaintiff Margaret Goree was a guest passenger in a vehicle driven by defendant when he lost control of the vehicle and struck a utility pole.

There was testimony by plaintiff at the trial that despite objections by other passengers, defendant was racing with another vehicle and traveling at a high rate of speed. Plaintiff further testified that, just prior to the accident, defendant had come to a complete stop for a red traffic signal and that after the light changed, defendant again took up the chase, attempted a left turn at a high rate of speed, and collided with the pole.

At the conclusion of plaintiffs' testimony, defendant moved for a directed verdict on the basis that no gross negligence was established. In granting this motion the trial court ruled as a matter of law that if any gross negligence had existed on the part of the defendant, it stopped, with him, at the traffic light. The court also ruled as a matter of law that from the time defendant left the light until he struck the pole there was not sufficient evidence of gross negligence to submit the question to the jury.

We hold that it was reversible error so to rule.

We have reviewed all the evidence presented, as we are constrained to do, in the light most favorable to the plaintiffs. *Humenik* v. *Sternberg* (1963), 371 Mich 667.

The uncontroverted evidence is that defendant was engaged in a race with a third party, was asked to stop by his passengers, did stop temporarily at a traffic signal, then again took up the chase and crashed. There also was evidence that the impact knocked the wheels off and the motor loose from defendant's vehicle.

We cannot say as a matter of law that the jury, from this evidence, could not have found the elements of gross negligence laid down by the Court in *McLone* v. *Bean* (1933), 263 Mich 113, 115 as follows:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

Addressing itself to this very question, the Court stated in *Prentkiewicz* v. *Karp* (1965), 375 Mich 367, 372:

"The testimony elicited from the witnesses in this case regarding the state of mind of the driver, the speed of the vehicle, the manner in which it was operated, her previous operation of the same car, the demand of a passenger that she slow up, together with other facts brought out, in their totality might well lead reasonable minds to differ as to whether the defendant driver in this case was guilty of gross negligence and whether such negligence was a proximate cause of plaintiff's injuries."

See, also, *Titus* v. *Lonergan* (1948), 322 Mich 112.

Therefore, while we find the evidence scant, we cannot say as a matter of law that it was insufficient to merit the jury's consideration nor should the trial court have done so.

Reversed and remanded for a new trial. Costs to appellants.

LESINSKI, C. J., and QUINN, J., concurred.