CHAPMAN *v.* BUDER

OPINION OF THE COURT

1. NEGLIGENCE—GROSS NEGLIGENCE—GUEST PASSENGER—DIRECTED VERDICT—EVIDENCE.

Directed verdict for defendants host driver and owner of vehicle in wrongful death action on grounds that only ordinary negligence and not the gross negligence required by the guest passenger amendment to civil liability act had been shown *held,* improper where jury could have inferred from defendant driver's darting in and out of traffic at high speed before accident that he exhibited an affirmatively reckless state of mind with intent to depart from careful driving (CLS 1961, § 257.401).

2. COURTS—PRECEDENT—POINTS ASSUMED WITHOUT CONSIDERATION.

Earlier case law assuming without consideration that requirement of guest passenger amendment to civil liability act that plaintiff prove gross negligence applied also to action against automobile owner for negligent entrustment of the automobile is not binding precedent.

3. STATUTES—CONSTRUCTION—PROVISO.

The purpose of a proviso in a statute is to limit, modify or explain the main part of the section to which it is attached, rather than to enlarge its provisions, unless it is clearly apparent that the legislature intended a more comprehensive meaning.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.
[2] 20 Am Jur 2d, Courts §§ 185, 189, 190, 192.
[3] 50 Am Jur, Statutes §§ 430, 435, 436.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 471, 487, 506.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 571, 573.
[6] 23 Am Jur 2d, Depositions and Discovery §§ 99, 104, 112, 121.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic § 487.

4. Automobiles—Statutes—Guest Passenger Amendment—Negligent Entrustment.

   The civil liability act is concerned with the liability of the owner and driver for negligent operation of the vehicle and thus, the proviso added to that act which restricts to cases of gross negligence the right of a non-paying guest passenger to recover for personal injury suffered by the operation of a motor vehicle by a host driver does not apply to the negligent entrustment of the vehicle by the owner since the entrustment takes place before and is not part of the operation of the vehicle (CLS 1961, § 257.401).

5. Same—Negligent Entrustment.

   A plaintiff relying on negligent entrustment of a motor vehicle must prove (a) that the vehicle was driven with permission of owner, (b) the driver was in fact an incompetent driver, (c) that the owner knew of such incompetence at the time of entrustment and (d) that the entrustment was causally connected with the injury.

6. Trial—Parties—Depositions—Evidence—Court Rules.

   Trial judge's refusal to allow introduction into evidence by plaintiff of deposition of a defendant on ground that defendant was available to testify *held*, improper since court rules allow a party to make use of the deposition of an adverse party for any purpose regardless of the availability of that party to testify (GCR 1963, 302.4[2]).

### Concurring Opinion
### Quinn, J.

7. Automobiles—Statutes—Guest Passenger Amendment—Negligent Entrustment.

   *Proviso to civil liability act requires that a non-paying guest passenger must prove gross negligence to recover from host driver for personal injuries; therefore, since the liability of an owner for negligent entrustment of an automobile depends on a finding of actionable negligence of the entrustee, the plaintiff must show gross negligence on the part of the entrustor.*

Appeal from Genesee, Papp (Elza H.), J. Submitted Division 2 December 6, 1967, at Lansing.

(Docket No. 1,222.)   Decided October 24, 1968. Leave to appeal denied January 21, 1969. See 381 Mich 798.

Complaint by Harry R. Chapman, administrator of the estate of Thomas L. Chapman, deceased, against A. Matthew Buder and A. Matthew Buder, Jr. for death of plaintiff's son in an automobile collision. Directed verdict for defendants. Plaintiff appeals. Reversed and new trial granted.

*Leitson, Dean, Dean, Abram & Segar,* for plaintiff.

*William J. Hayes,* for defendants on appeal.

LEVIN, J. Plaintiff's son perished in an automobile collision on April 16, 1960, while a passenger in an automobile owned by A. Matthew Buder, Sr., then being driven by Buder, Jr. Plaintiff appeals a directed verdict in the defendants' favor following the conclusion of the plaintiff's proofs. We reverse and order a new trial.

The jury could properly have found from the evidence that Buder, Jr.'s gross negligence caused the death of the plaintiff's son.

We have also concluded that the proviso added by amendment in 1929 (PA 1929, No 19) to the civil liability act (CLS 1961, § 257.401, Stat Ann 1960 Rev § 9.2101),[1] which proviso requires a guest

---

[1] "Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law require. The owner shall not be liable, however, unless said

passenger to prove gross negligence, does not apply where recovery from the owner of the automobile is sought on the theory that he negligently entrusted it to the driver; hence, plaintiff need only show ordinary negligence, not gross negligence, in the entrustment.

Finally, we hold that the trial judge erred in refusing to allow use of Buder, Jr.'s discovery deposition at the time of the trial.

I

*There was sufficient evidence to go to the jury on the issue of the driver's gross negligence.*

Buder, Jr. and the plaintiff's son were schoolmates, both 17 years of age at the time of the accident. After school had let out on the day of the accident, they, together with one other boy, went for a ride in Buder, Sr.'s car. The evidence, viewed in the light most favorable to the plaintiff (*Prentkiewicz* v. *Karp* [1965], 375 Mich 367, 372), showed that the Buder car came up from behind the vehicle with which it collided and for no apparent reason drove into the rear of that vehicle. That vehicle had stopped on the highway 10–20 seconds before the accident to make a left turn and was signaling the intended turn. There was no competing traffic and there was ample room—one witness

---

motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family: Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought. (CLS 1961, § 257.401, Stat Ann 1960 Rev § 9.2101.)

said, enough for a "semi-tractor and trailer"—for the Buder vehicle to have passed safely to the right of the stopped vehicle. A witness testified that at the moment of impact the Buder automobile may have been traveling at 35 miles per hour.

Another witness testified to seeing the Buder automobile approximately 1 mile from the collision point and described the auto as "roaring down at a high speed" and "slid[ing] over the gravel" when executing a curve:

"Well, when I saw this car roaring down at a high speed, I expected the car either to jump the curb onto the tennis court or if it tried to make a turn I expected the car to overturn fully and completely. He chose to make a turn to the left—that is north—but because Lincoln Drive has a gentle curve as it curves into Cambridge, he negotiated the curve. He slid over the gravel and he kept on going north."

Still another witness testified that just minutes before the collision the Buder car, going 50 miles per hour or more in a 30 mile per hour zone, passed a car in which the witness was riding on the right side of that car and cut back in front of it "sooner than a car should."

The Buder car smashed into the right rear corner of the car with which it collided. There was testimony that the brakes of the Buder car were not applied until after the collision.

In our opinion there was sufficient evidence to go to the jury. The jury could have properly inferred from the evidence that immediately before and at the time of the fatal accident Buder, Jr. was indulging in a display of driving prowess by dodging cars and other dangerous driving feats and that plaintiff's son met his death when Buder, Jr. mis-

calculated and instead of a near miss there was a collision. A finding of willful and wanton misconduct, of gross negligence, may be based on just such a showing of deliberately reckless acts wholly disassociated from the ordinary incidents of operating a motor vehicle. Compare *Goree* v. *Russell* (1967), 7 Mich App 79; *Rowe* v. *Vander Kolk* (1936), 278 Mich 564, 569; *Schlacter* v. *Harbin* (1935), 273 Mich 465, 469. The jury would have been entirely justified in concluding from the totality of the facts and circumstances that Buder, Jr.'s conduct exhibited an affirmatively reckless state of mind with intent to depart from careful driving.

"The thread which seems to run through all is a showing that the driver had 'an affirmatively reckless state of mind with intent to depart from careful driving.' *Sorenson* v. *Wegert* [1942], 301 Mich 497, 511; *Greimel* v. *Fischer* [1943], 305 Mich 45. Such wilful and wanton misconduct may be shown by a sum total of factors." *Brooks* v. *Haack* (1965), 374 Mich 261, 265.

That the permissible conclusion just stated would have been an inference from other facts, and was not the subject of direct testimony, does not affect its validity. The inferences that the jury would have had to draw to reach that conclusion were reasonable inferences from the plaintiff's proofs.

"Whether the driver of a motor vehicle has proceeded recklessly in the face of a traffic hazard that is or should be apparent to him, with a wilful and wanton disregard of the safety of a passenger, is, generally speaking, a question of fact for determination by the trier of the facts. Obviously involved is the state of mind of such driver, which is necessarily a matter of inference from the facts

in each case." *Karney* v. *Upton* (1958), 353 Mich 262, 270.[2]

## II

*Gross negligence need not be shown in an action*
*by a guest passenger against the owner*
*for negligent entrustment.*

In *Naudzius* v. *Lahr* (1931), 253 Mich 216 (74 ALR 1189), the plaintiff alleged the owner's ordinary negligence or, in the alternative, his gross negligence, in permitting the driver to operate his car. The Supreme Court held that the guest passenger amendment added in 1929 to the civil liability act did not deny due process and equal protection of the laws to non-paying passengers of motor cars, and that the legislature had not acted unconstitutionally in determining it should have emergency status and become effective immediately upon enactment. The Court concluded (p 230) :

"The declaration must properly charge defendant's [owner's] fault both as gross negligence or wanton and wilful misconduct and as a proximate cause of the accident or [the driver] with gross negligence or such misconduct causing the injury."

The foregoing ruling of our Supreme Court assumes that an injured guest passenger may not recover on the theory of negligent entrustment unless he proves a grossly negligent act.

However, plaintiff's counsel in *Naudzius* did not contend that the guest passenger amendment to the civil liability act does not apply where it is sought to hold the owner for negligent entrustment.[3]  And

---

[2] Similarly, see *Anderson* v. *Gene Deming Motor Sales, Inc.* (1963), 371 Mich 223, 230; *McKenzie* v. *McKenzie* (1965), 374 Mich 320; *Prentkiewicz* v. *Karp, supra.* Compare *Gibbard* v. *Cursan* (1923), 225 Mich 311, 323.

[3] While the plaintiff in *Naudzius* did list among his claims in opposition to defendant's motion to dismiss the assertion, *inter alia,* that:

it is a well-settled principle that a point "assumed without consideration is of course not decided." *Allen* v. *Duffie* (1880), 43 Mich 1, 11.[4]

"When a question necessarily involved in a case and answered by our holding was neither considered by the Court nor discussed in our opinion, the answer thus arrived at is not binding as a precedent." *Bostrom* v. *Jennings* (1949), 326 Mich 146, 156, 157.

*Naudzius's* declaration quoted above having been made on the uncontested *assumption* that the guest passenger amendment applies to a suit against the owner for negligent entrustment, such declaration is not binding precedent. Accordingly, we are free to consider and ourselves to decide the question assumed, but not considered, and therefore not decided in *Naudzius*.

In this connection we note that in *Perin* v. *Peuler* (1964), 373 Mich 531, 535, the majority of the Court declared that the common law remedy against the owner for negligent entrustment "stands unimpaired

---

"Section 29 as amended by Act No 19, P. A., 1929, did not bar plaintiff, an infant sixteen years of age, from prosecuting defendant in an action for damages based on ordinary negligence" (Pl brief, p 5, Records and Briefs Supreme Court, No 129, October Term 1930), that assertion was not developed at all in plaintiff's briefs. The only portion of the argument in plaintiff's briefs in *Naudzius* at all related to the quoted assertion was the argument that the minor for whom plaintiff was there acting did not, by reason of infancy, have the capacity to enter into a host-guest relationship, an argument not dealt with by the Court in its opinion in *Naudzius*. See, in this connection, *Burhans* v. *Witbeck* (1965), 375 Mich 253, 255.

Nowhere in plaintiff's briefs did he argue that § 29 as so amended was inapplicable to a suit for negligent entrustment.

[4] Similarly, see *Atwood* v. *Mayor and Common Council of Sault Ste. Marie* (1905), 141 Mich 295, 297; *Moinet* v. *Burnham, Stoepel & Co.* (1906), 143 Mich 489, 491; *Cosgrove* v. *Wayne Circuit Judge* (1906), 144 Mich 682, 683; *Miller* v. *Village of Birmingham* (1906), 145 Mich 470, 472; *King* v. *School District No. 5* (1933), 261 Mich 605, 609, 610; *Southward* v. *Wabash Railroad Company* (1951), 331 Mich 138, 145.

by Michigan's 55-year-old owner-liability statute."[5]
That declaration speaks as loudly to us as does
*Naudzius.* But just as the issue now under consideration was not considered in *Naudzius,* so too it
was not considered in *Perin.*

The guest passenger amendment of the civil liability act requiring proof of gross negligence was
added as a *proviso* to that which preceded it (for
text see footnote 1). It is a general rule of statutory
construction that the "office of a proviso is to limit,
modify, or explain the main part of the section to
which it is attached, rather than to enlarge its provisions, unless it is clearly apparent that the legislature intended a more comprehensive meaning."
*Luce* v. *State Highway Commissioner* (1914), 181
Mich 599, 603.

"It is elementary that a proviso in a statute,
unless expressly stated to be otherwise, or by context clearly so, has relation to preceding matter
only and cannot be construed to be independent
legislation." *Erdelyi* v. *Erdelyi* (1937), 279 Mich
282, 284.

That which precedes this proviso in the section
to which it was appended are provisions concerning
the liability of the driver and the vicarious liability
of the owner for negligent *operation* of a motor

---

[5] See, also, the observations of the New Hampshire Supreme Court:
"No American state has newly adopted a guest statute for many
years. Courts of states which did adopt them are today construing
them much more narrowly, evidencing their dissatisfaction with them.
Pedrick, Taken for a Ride: The Automobile Guest and Assumption
of Risk, 22 La L Rev 90 (1961); Comment, The Ohio Guest Statute,
22 Ohio St L J 629 (1961). Though still on the books, they contradict the spirit of the times." *Clark* v. *Clark* (1966), 107 NH 351,
357 (222 A2d 205, 210).

Also pertinent is *McKenzie* v. *McKenzie, supra,* where the Michigan
Supreme Court acknowledged that since its early decisions construing
the guest passenger proviso were handed down it had "enlarged"
the area in which the question of existence of gross negligence or
wilful or wanton misconduct becomes a jury question.

vehicle. There is nothing in the section to which the proviso was added upon which an injured party could base a claim for negligent *entrustment*. The first sentence of the section speaks of claims based upon "a violation of any of the provisions of this act by the owner or operator." But the gist of the action for negligent entrustment (*i.e.*, the negligence of the owner in entrusting) is nowhere dealt with in the motor vehicle code (PA 1949, No 300, as amended). The second sentence of the section establishes the owner's vicarious liability for "negligent operation" of the motor vehicle. The guest passenger gross negligence proviso modifies both sentences and, thus, gross negligence must be proven by a guest passenger whenever he claims that the duty breached is the duty to operate the vehicle carefully.

The language of the proviso, taken out of the context of the section to which it was added, can, of course, be read to require proof of gross negligence without regard to whether the duty allegedly breached is the duty to operate the vehicle carefully or the duty to exercise care when entrusting it to another person. But we construe the proviso in the setting in which we find it, not as an abstraction.

One proceeding on the theory of negligent entrustment claims that the duty breached is the duty to exercise care in the entrustment, not the duty to operate the vehicle carefully. As interpreted in *Perin* the civil liability act affects only actions based upon allegations of negligence in the operation of the vehicle, and not actions concerning a transaction, the allegedly negligent entrustment, preceding the accident. The motor vehicle code, of which the civil liability act is a part, is concerned with the *operation* of motor vehicles and the liability of the owner and driver for negligent *operation*. The proviso is an

appendage to an act, the civil liability act, concerned only with actions based upon negligent operation. We can see little reason for incorporating into the common law action for negligent entrustment a limitation added to an act which does not concern itself with and which does not even purport to supersede the common law remedy.

In *Perin* v. *Peuler, supra,* the Court declared that one relying on negligent entrustment must prove (a) the vehicle was driven with the permission and authority of the owner, (b) the driver was in fact an incompetent driver, (c) the owner knew at the time of the entrustment that the driver was incompetent or unqualified to operate the vehicle or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency, and (d) the entrustment was causally connected with the injury of which the plaintiff complains.

The *Perin* Court illustrated requirement (d) by stating that if on the occasion of plaintiff's injury the entrustee-driver was not himself causally negligent in the operation of the entrusted vehicle, no right of action in favor of the plaintiff could arise against either the entrustee or entrustor. Since the only purpose of requirement (d) is to establish causal connection and the gist of the action is the entrustment, not the manner of operation of the automobile, we see no basis for incorporating into that action the gross negligence requirement merely because there is need to establish causal connection.[6]

---

[6] Where suit is brought on the negligent entrustment theory "the owner's liability is also in part vicarious for it cannot arise unless the person entrusted with the automobile uses it negligently; but, the *primary* basis of the owner's liability is said to be his own negligence in permitting its use by an incompetent or inexperienced person with knowledge of the probable consequences." *Haring* v. *Myrick* (1962), 368 Mich 420, 423. (Emphasis supplied.)

To state it differently, such causal connection is as well established by proof of ordinary negligence as by proof of gross negligence.

We conclude that the common law action for negligent entrustment stands unimpaired as to guest passengers as well as other plaintiffs.

## III

*Buder, Jr.'s discovery deposition was admissible.*

The trial judge excluded a discovery deposition of Buder, Jr. by means of which the plaintiff sought to show that Buder, Jr. had certain moving traffic violations of which Buder, Sr. had knowledge before he entrusted Buder, Jr. with the vehicle in which the plaintiff's son met his death. Use of the deposition was denied on the ground that Buder, Jr. was in court and available to testify. This was error. The deposition of a party may be used at trial by an adverse party for any purpose, even though that party is available to testify. GCR 1963, 302.4(2); *Ruhala* v. *Roby* (1967), 379 Mich 102, 112, 129, 130.

*Ruhala* v. *Roby's* holding that a witness's prior extrajudicial statement offered to impeach his judicial (albeit upon deposition) statement is not substantive evidence does not affect the admissibility at trial as substantive evidence on the issue of negligent entrustment of Buder, Jr.'s judicial testimony upon deposition, including as evidence against his father, Buder, Sr. In this case we are not confronted with the hearsay rule and its intricate exceptions.

Since we have concluded that the trial judge erred in directing a verdict and have ordered a new trial, it is unnecessary for us to consider the defendants' claim that any error in excluding the deposition was harmless because some of the evidence contained in the excluded deposititon was admitted by Buder, Sr.

on direct examination when he testified. We intimate no opinion as to the sufficiency of plaintiff's proofs on the negligent entrustment issue.

Reversed and remanded for a new trial. Costs to abide the event.

T. G. KAVANAGH, J., concurred with LEVIN, J.

QUINN, P. J., (*concurring*). I agree this case must be reversed and remanded for a new trial. My reason is that considering all of the facts preceding and surrounding this accident, a jury question was presented as to Buder, Jr.'s gross negligence.

I cannot accept as the law of this state Judge LEVIN's reasoning with respect to the doctrine of negligent entrustment as it relates to the liability of an entrustor to a guest passenger of the entrustee. I believe the legislature and the Supreme Court have spoken contrary to the reasoning and the result reached by Judge LEVIN.

To me, *Perin* v. *Peuler* (1964), 373 Mich 531, says the common law doctrine of negligent entrustment is not impaired by our owner-liability statute, CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101). However, to support an action for negligent entrustment, actionable negligence on the part of the entrustee must be shown as well as negligence on the part of the entrustor. In this instance, actionable negligence on the part of the host-entrustee requires proof of his gross negligence. My view on this point is as Justice O'HARA stated it in his concurring opinion in *Tortora* v. *General Motors Corporation* (1964), 373 Mich 563, 572:

"Negligent entrustment is a legal doctrine by which the act of entrustment relates the actions of the entrustor to the acts of the entrustee. When the entrustee injures a third party by the use of an

object entrusted, the entrustor's liability is to be measured by the same legal rules of responding in damages as the entrustor himself would be measured had he occasioned the injury."

On new trial, *Ruhala* v. *Roby* (1967), 379 Mich 102, will control on the admission of Buder, Jr.'s deposition and no more need be said on this point.