ANDERSON *v.* GENE DEMING MOTOR SALES, INC.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

The facts are reviewed in the light most favorable to plaintiffs on appeal from denial of defendant's motions for directed verdict and for judgment *non obstante veredicto.*

2. SAME—MOTION FOR JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE—QUESTIONS REVIEWABLE.

All of the evidence adduced is considered when reviewing the facts in the light most favorable to plaintiffs on appeal from the denial of defendant's motion for judgment *non obstante veredicto,* particularly where no evidentiary question is raised upon appeal.

3. SAME—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

The test for determining the propriety of the trial court's action in denying defendant's motions for directed verdict and for judgment *non obstante veredicto* is whether or not, even when the facts are examined in a light most favorable to the plaintiff, reasonable men could honestly reach a different conclusion and if they can, the questions of fact involved are for the jury.

4. AUTOMOBILES—LIABILITY UNDER GUEST PASSENGER ACT.

Liability under the guest passenger act is normally imposed, not alone because host driver violates warnings, speeds, or is inattentive to traffic or rules of the road, but because his conduct, usually made up of the sum total of such factors, manifests a high degree of danger, presents a manifest probability that harm will result therefrom, and indicates an utter disregard of the probable consequences (CLS 1956, § 257.401).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 5 Am Jur 2d, Appeal and Error § 886.
[4] 8 Am Jur 2d, Automobile and Highway Traffic §§ 471–490.
[5] 8 Am Jur 2d, Automobile and Highway Traffic § 1013.
[6, 7] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*

5. SAME — GROSS NEGLIGENCE — EVIDENCE — INFERENCES — QUES-
TION FOR JURY.

 Whether or not host driver of automobile in which plaintiff was
a guest was guilty of gross negligence or wilful and wanton
misconduct *held,* a question of fact for jury under evidence
showing the driver was bothered over recently breaking up with
his girl friend, disregarded warnings to drive more slowly,
and drove over a washboardy gravel road at speeds up to 90
miles an hour with the result that the car hit 3 trees and a
boulder as it caromed from 1 side of the road to the other be-
fore being embedded in a fourth tree, the state of mind of such
a driver being a matter of inference from the facts, hence,
motions for directed verdict and for judgment *non obstante*
*veredicto* were properly denied (CLS 1956, § 257.401).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSOLIDATED CASES.

 Whether or not certification of minor's consolidated case for
injuries in which the verdict rendered was for only $100 and
new trial granted because of gross inadequacy of such verdict
but no certificate by the trial judge that the amount involved
was more than $500 is not discussed where liability under the
guest passenger act has been found to have been properly
imposed in derivative companion action (CLS 1956, § 257.401).

7. SAME—CROSS APPEAL—NEW TRIAL—DAMAGES.

 Whether or not new trial, granted by trial court because of gross
inadequacy of verdict in minor's action for injuries under the
guest passenger act, should be limited to damages only is
not before the Supreme Court, where plaintiff did not cross
appeal from order granting a new trial (CLS 1956, § 257.401).

Appeal from Wexford; Peterson (William R.),
J. Submitted May 8, 1963. (Calendar Nos. 54, 55,
Docket Nos. 50,078, 50,079.) Decided October 10,
1963.

Case by Gary Anderson, by his next friend,
Lorraine Anderson, against Gene Deming Motor
Sales, Inc., a Michigan corporation, for personal
injuries while a guest passenger in automobile.
Derivative suit by parents, Charles U. Anderson
and Lorraine Anderson, for medical expense. Cases
consolidated for trial and on appeal.

Verdict and judgment for plaintiffs Charles U.
Anderson and Lorraine Anderson.   Defendant ap-
peals.   Affirmed.

Verdict and judgment for Gary Anderson set
aside on his motion because of inadequate damages.
Defendant appeals from denial of motion for judg-
ment *non obstante veredicto*.   Plaintiff, without
cross-appeal, asks new trial be limited to damages
only.   Affirmed without decision on plaintiff's re-
quest.

*Edward W. TenHouten,* for plaintiffs.

*Burton A. Hines,* for defendant.

KAVANAGH, J.   These cases, arising under the
guest passenger statute,[1] were, by stipulation, con-
solidated for trial in the lower court and here on
appeal.

In the 1 case Gary Anderson, a guest passenger,
16 years of age, brought his action in the circuit
court for Wexford county, by his next friend, seek-
ing to recover damages from defendant, Gene Dem-
ing Motor Sales, Inc., a Michigan corporation,
owner of the automobile involved, for injuries al-
legedly caused by the gross negligence and wanton
and wilful misconduct of Jerry Kanouse, the driver
of the automobile.

On jury trial a verdict was rendered in favor of
plaintiff in the amount of $100.   The trial court set
aside the verdict as being grossly inadequate.   Plain-
tiff seeks to have the new trial limited to damages
only.

In the other case the parents of the guest pas-
senger, Charles U. Anderson and Lorraine Ander-

---

[1] CLS 1956, § 257.401 (Stat Ann 1960 Rev § 9.2101).

son, brought action against the defendant owner of the automobile driven by Jerry Kanouse to recover for medical care and hospitalization expenses arising out of the injuries to their minor son. They allege their damage was the direct result of the gross negligence and wanton and wilful misconduct of Jerry Kanouse, driver of the vehicle in which Gary Anderson was injured.

In this case the jury rendered a verdict in favor of plaintiffs in the amount of $6,500.

Motion for directed verdict, originally made at the end of plaintiffs' proofs in both cases, was renewed at the conclusion of the trial, and denied.

Defendant moved for a judgment notwithstanding the verdict, which was denied. Defendant appeals.

In August, 1961, Mildred Kanouse purchased an automobile from defendant Gene Deming Motor Sales, Inc., for her 18-year-old son Jerry. Within 2 weeks of the purchase, the car developed trouble and was returned to defendant for repairs. Defendant's agent loaned Jerry Kanouse another car to use during the repairs. It was this car Kanouse was driving when Gary Anderson was injured.

About 3:30 in the afternoon of October 4, 1961, Jerry Kanouse picked up his friend Gary Anderson at school in Tustin, Michigan. They went to a pool hall in Tustin and remained there until approximately 5:30 p.m., when they left for the Kanouse home at Dighton, Michigan. Jerry drove east on old M-61 for about 2 miles, turned south 1 mile, and then turned east, proceeding toward Dighton. They were traveling on a 2-lane gravel road when the car began veering to the right. It scraped a tree located on the right shoulder of the road and caromed across and down the highway in an easterly direction to the opposite side of the road, where it collided with a tree on the north side, hit another tree, and finally careened off and struck a large boulder just prior

to being wrapped around still another tree in such fashion that it pinned Gary Anderson in the car. The engine ended up 56 feet east of the tree in which the car was imbedded.

There were no witnesses to the accident other than the occupants of the car. It was daylight; the road was straight and level; the weather was good; and the driver had not been drinking. There was a rough spot described as "kind of washboardy" a short distance west of where the accident took place. The speed limit on the highway is 65 miles per hour.

At the trial, a witness, living approximately a mile west of the location of the accident, testified he observed the car from inside his home about 100 feet from the road. He estimated the speed at 70 miles per hour. Another witness, who lived about 1-1/4 miles west of the point of the accident, testified he was out on his lawn and observed the car. He recognized the driver as Jerry Kanouse and estimated the speed of the car at 80-plus miles per hour when it went by his home.

Two State troopers, who arrived at the scene more than an hour after the accident, without objection,[2] estimated the speed of the car to be at least 70 miles per hour. The troopers also testified there were no skid marks, that the tire marks veered or angled gradually into the tree on the right side of the road. One of the troopers testified that Gary Anderson told him he "couldn't see where Jerry was driving in any reckless manner or doing anything wrong."

A statement made by Gary Anderson on October 12, 1961, while in the hospital, was admitted into evidence. In it he stated that prior to the accident he was relaxing with his eyes closed, there was a

---

[2] We do not pass upon the question of admissibility of this evidence, since no objection was made at the trial and no question is raised on appeal.

slight weaving, and then the accident happened; that he had no knowledge or realization of any danger just before the accident.

At the trial Gary Anderson, claiming not to remember making the prior statements, testified that after they turned east, Kanouse "opened it up," increasing his speed very rapidly until he was driving at a speed of "80 or 85, 90, some place in there." He further testified he asked Kanouse to slow down, but he disregarded the warnings and just kept right on going. He described Kanouse as having "kind of an I-don't-care expression on his face. Just kind of a wild look, as close as I can tell." "He just didn't seem to care."

Kanouse admitted at the trial that he had been keeping company with a girl who lived on the road on which the accident occurred and they had broken up just a short time previous to the accident. He further testified that this breaking up bothered him.

Plaintiffs argue Kanouse's "state of mind" was due to the fact he was upset over breaking up with his girl friend, whose house he passed just before the accident. This contention as to state of mind is supported by testimony of friends and relatives of Gary Anderson who visited him in the hospital and were told by Gary this was what was wrong with the driver.[3]

On plaintiffs' motion the trial judge granted a new trial in the Gary Anderson case on the grounds the verdict was grossly inadequate. On appeal, there was no statement of the trial judge certifying that the Gary Anderson suit involved more than $500.

---

[3] In reviewing the facts on motion for judgment *non obstante veredicto* in the light most favorable to plaintiffs, we must consider all the evidence, particularly where no evidentiary question is raised upon appeal.

Plaintiffs ask that the appeal in the Gary Anderson case be dismissed because of failure of the trial judge to certify the controversy involved more than $500.

On appeal, defendant contends (1) that the trial court erred in denying defendant's motion for directed verdict at the close of plaintiffs' proofs, and (2) that the trial court erred in denying defendant's motion for judgment for defendant notwithstanding the verdict for plaintiffs.

It is defendant's contention that the proofs of plaintiffs established at most only ordinary negligence. It contends that other than witnesses testifying as to estimated speed of the car, the only thing plaintiffs' proofs show in the entire record is that there was an accident and there was an injury. Defendant admits the testimony with respect to estimated speed, but relies upon the cases which hold that excessive speed alone is only ordinary negligence, and contends the proofs do not present facts which would even remotely constitute gross negligence or wilful and wanton misconduct within the meaning of the guest passenger act.

It is a well-settled principle that on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto,* the facts are reviewed in the light most favorable to plaintiff. *Tacie* v. *White Motor Co.,* 368 Mich 521, 527. A test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is "yes," the question is for the jury. *Ashworth* v. *Detroit,* 293 Mich 397.

In *Cabana* v. *City of Hart,* 327 Mich 287 (19 ALR 2d 333), this Court said (p 305):

"In considering the question whether defendant was entitled to a directed verdict, the testimony must

be construed as strongly as possible in favor of the plaintiff. (Citing cases.) The specific inquiry is whether this Court can say, as a matter of law, giving to plaintiff's proofs the strongest probative force to which they are entitled, that the evidence was not sufficient to justify submitting to the jury the questions of defendant's negligence and its knowledge or notice of the situation."

Justice TALBOT SMITH, writing for the Court, in *Stevens* v. *Stevens,* 355 Mich 363, 371, said with respect to liability under the guest statute:

"It is normally imposed not alone because a host driver violates warnings, not alone because he speeds, not alone because he is inattentive to traffic or the rules of the road. It is imposed because the conduct, usually made up of the sum total of these factors, manifests a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences."

Might reasonable minds differ as to whether a driver of an automobile was guilty of gross negligence or wanton and wilful disregard for himself and his passenger, based upon the sum total of the following facts: The driver of an automobile, who was bothered over recently breaking up with his girl friend, disregarded warnings, drove over a "washboardy" gravel road at speeds up to 90 miles per hour, resulting in the automobile striking a tree on the right side of the highway, caroming across and down the road, striking 2 trees and a boulder before ending up imbedded in still another tree?

From an examination of the facts in the light most favorable to plaintiffs, we conclude they might so differ. Obviously involved is the state of mind of such driver, which is a matter of inference from the facts in each case. See *Titus* v. *Lonergan,* 322 Mich 112, and prior decisions therein cited, which prin-

ciple was followed by Justice CARR writing for the court in *Karney* v. *Upton,* 353 Mich 262.

Under the proofs in the instant case a question of fact was presented for the jury to determine whether or not these facts constitute gross negligence or wilful and wanton misconduct under the statute.

Based on a consideration of the record, we come to the conclusion that the trial court was not in error in refusing to direct a verdict for the defendant, and in denying defendant's motions for judgment *non obstante veredicto.*

In view of the above, we do not discuss the question of whether the Gary Anderson case was properly certified here on appeal by the trial court.

Plaintiff seeks limitation of the new trial to the question of damages only. Since he did not cross-appeal from the order granting the new trial, this question is not before us; however, we might suggest the trial court reconsider the question in light of this opinion.

The judgment is affirmed. Plaintiffs shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.