KEMP *v.* MUTUAL OF OMAHA INSURANCE COMPANY.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Evidence is reviewed by the Supreme Court in the light most favorable to the plaintiff on appeal from denial of defendant's motion for judgment *non obstante veredicto.*

2. SAME—SCOPE OF REVIEW—ACCIDENT—EVIDENCE.

It is not the privilege or prerogative of either the trial court or of a justice of the Supreme Court to determine that if he had been a member of the jury, he would have found plaintiff in action for benefits under health and accident insurance policies had not made a sufficient showing of accidental injury.

3. INSURANCE—ACCIDENT—EVIDENCE.

Evidence presented in insured's action for benefits under health and accident policies *held,* sufficient to permit jury to find that plaintiff sustained an accidental injury on date alleged, that notice thereof had been given within the requirements of the policy, and that there was continuous disability for period claimed.

4. SAME—HEALTH AND ACCIDENT—WORKMEN'S COMPENSATION.

Injection of matter of payments of workmen's compensation to plaintiff herein seeking payments under health and accident insurance policy, if error at all, *held,* not reversible, where no prejudice could result to defendant.

5. SAME—HEALTH AND ACCIDENT—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff insured in action to recover benefits payable under health and accident insurance policy *held,* not against the great weight of the evidence.

Appeal from Ingham; Hughes (Sam Street), J. Submitted November 6, 1964. (Calendar No. 76, Docket No. 50,659.) Decided May 10, 1965. Rehearing denied June 7, 1965.

Declaration by Willia S. Kemp against the Mutual of Omaha Insurance Company, a Nebraska corpo-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[3, 5] 29A Am Jur, Insurance § 1865 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*

ration, for failure to pay alleged benefits under insurance policies issued by defendant. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Rapaport, Siegrist & Miatech (Michael E. Miatech,* of counsel), for plaintiff.

*Arthur M. Hoffeins,* for defendant.

T. M. KAVANAGH, C. J. Defendant appeals from a judgment on jury verdict and order denying motion *non obstante veredicto* or for new trial, in the Ingham county circuit court.

Plaintiff instituted suit on July 6, 1962, for nonpayment of benefits under two health and accident policies issued by defendant. The policies paid benefits of $130 monthly and $70 monthly, respectively, for loss of time resulting from accidental bodily injuries. Benefits for accidental bodily injuries are payable while the insured is wholly and continuously disabled and under the professional care and regular attendance of a qualified physician.

For partial disability, both policies paid 50 percent of the total disability accidental bodily injury benefits, not exceeding three months for any one accident. The policies also paid the same benefits for sickness resulting in total disability arising from injury, except the insured must be both totally disabled and continuously confined within doors. The maximum benefits for such sickness cannot exceed 12 months where the insured is over 60 years of age and limited partial disability benefits were payable for sickness.

Plaintiff alleged in her complaint that she was disabled as the result of an accidental bodily injury occurring June 23, 1959, until November 7, 1960, and from April 21 to July 6, 1962, and that such dis-

ablement was permanent. Defendant's answer denied disability of plaintiff and alleged plaintiff was not continuously disabled and further claimed the record period of disability was due to sickness not arising from injury.

It is undisputed that plaintiff resumed her employment at the Michigan School for the Blind on November 7, 1960, and continued to work there through April 20, 1961.

On trial of the case defendant further pleaded an affirmative defense of release by plaintiff to her claims of June 23, 1959. Plaintiff replied the release was executed because of mistake of fact or fraudulent misrepresentation, and that defendant waived the defense of release because payments on the release were not made in accordance with the release, and that the release was not witnessed and did not cover the accident of April 21, 1961.

At the close of plaintiff's proofs and at the close of all proofs, defendant moved for directed verdict contending plaintiff failed to present evidence to establish an accidental bodily injury on April 20, 1961, and that the release barred any claim based on the accident of June 23, 1959. Defendant further contended plaintiff failed to give notice of claim and that she only suffered a partial disability. Motions were denied and the case submitted to the jury.

Verdict was returned in the sum of $4,700 and judgment entered accordingly. Defendant moved for judgment *non obstante veredicto* based on the grounds in its earlier motions for directed verdict, and further alleged the trial court erred in allowing testimony regarding plaintiff's receipt of workmen's compensation benefits, and that the verdict was contrary to the great weight of evidence.

From the judgment and order denying motion for judgment *non obstante veredicto* defendant appeals,

contending (1) error on the grounds that no accidental bodily injury on April 20, 1961, was proven; (2) that plaintiff failed to comply with the notice provisions of the policies of insurance; (3) that the evidence showed that plaintiff was not wholly disabled as required under the policies of insurance issued to her; (4) that the verdict of the jury was against the overwhelming weight of the evidence; (5) that the trial court erred in refusing to grant a mistrial for the reason it allowed the plaintiff to testify relative to workmen's compensation.

The first question before us is whether plaintiff's disability was and is the result of sickness or of an accident occurring April 20, 1961.

Plaintiff was employed serving food at the Michigan School for the Blind on April 20, 1961, the date of the alleged accident causing disability. Plaintiff testified she carried porcelain bowls containing food and that each empty bowl weighed approximately 8 pounds; that the bowls when full with either spaghetti or chili would weigh around 18 pounds; and that at the noon meal she squatted at a cabinet to get the bowls out when she felt pain in the lower back and felt her left side give away.

Defendant contends plaintiff's complaints in letters always referred to her injury of June 23, 1959; that neither she nor her attending physicians ever advised defendant that she claimed to have suffered an accidental injury on April 20, 1961; that no record of any report of injury filed under date of either April 20 or 21, 1961, was made to plaintiff's employer or her doctors.

This Court has repeatedly held that evidence is reviewed in the light most favorable to the plaintiff on appeal from denial of motion for judgment *non obstante veredicto.* See *Anderson* v. *Gene Deming Motor Sales, Inc.,* 371 Mich 223; *Tacie* v. *White Motor Company,* 368 Mich 521.

The record presents a problem for decision that could cause a trial judge, or a member of this Court, to conclude that if he had been a member of the jury he would have determined that plaintiff had not made a sufficient showing of accidental injury. That, however, is not the privilege or prerogative of either the trial court or this Court.

The lifting of heavy bowls, the squatting at a cabinet to get the bowls out, the conflict in portions of the report of disability, together present evidence from which the jury could have found, under the circumstances in this case, that plaintiff sustained an accidental injury on April 20, 1961.

Defendant next contends that plaintiff failed to comply with the notice provision of the policies which required that the insured give written notice of claim within 20 days after the occurrence or commencement of any loss, or as soon thereafter as reasonably possible.

In June, 1961, plaintiff received a "policyowner's report of disability" and returned the completed form to the defendant on July 1, 1961. The information contained on the form was as follows:

"Policyowner's full name—Willia S. Kemp. Date of birth—month, 10; day, 17; year, 12. Height—5'10". Weight—175.

"What sickness or injury was suffered? Back and leg pain.

"On what date did you first notice that you were beginning to get sick, or what was date of injury? April 20, 1961.

"On what date were you first treated by a physician for this sickness or injury? April 28, 1961.

"Give first date you did not work because of this sickness or injury—April 21, 1961.

"If disability is due to sickness answer these questions:

"Have you ever been afflicted with this condition before? Yes. If so, when? 6/23/59 through 10/28/60.

"On what date were you first confined to the house all day? 6/23/59 & 4/21/61.

"On what date were you first able to leave the house for any purpose? 6/23/59 & 4/25/61.

"On what date were you first able to do any part of your work, supervisory or otherwise? 10/30/60 & 6/30/61.

' "If disability is due to injury answer these questions:

"How did the accident occur? Slipped and fell backward.

"On what date were you first able to do any part of your work, supervisory or otherwise? 10/28/60.

"What duties are you now unable to perform due to this injury? Any lifting in excess of 25 lbs; any pushing or pulling; any frequent bending.

"On what date did you resume your regular duties? 11/6/60.

"Have you had any medical or surgical advice during the past five years for any other condition? For what? Yes, complete hysterectomy. When? 3/11/59. Phyisician's name and address—Dr. D. T. Hewitt, D.O., 619 S. Capitol, Lansing.

"Do you have disability or hospital insurance with other companies? [X] Yes. If 'yes,' give name of those companies—American Plan—Hospitalization. Date of issue—3/17/57.

"Are you receiving a disability pension or compensation? [No] [ ] Yes. If so, for what? Amount —None.

"Are you receiving—workmen's compensation? [X] No.

"What is your occupation? Waitress. Average monthly earnings—$300.

"Name and address of your employer or if self-employed, full business address—Mich. Schl. for Blind, 715 W. Willow St., Lansing, Mich.

"Has any other physician treated you for this accident or sickness? Dr. Bassett, 601 S. Capitol. If so, when? 12/21/59 & 1/2–28/60.

"I hereby authorize any physician who has attended or may attend me or any hospital where I may have been a patient to disclose any information thus acquired.

"Policyowner's Signature—WILLIA S. KEMP."

An examination of the entire report indicates it undoubtedly was made by a lay person and not an attorney. The first portion of the report refers to an accident of April 20, 1961. Under the sickness provision, it is apparent reference was made to the original injury as well as to the April 20, 1961, incident. The jury had an opportunity to review the aforesaid report and other exhibits relative to the question of notice. There was sufficient evidence from which the jury might find notice was given within the requirements of the policy.

Defendant contends plaintiff was not wholly and continuously disabled from April 20, 1961, to June 6, 1963. The issue of plaintiff's disability was controverted and disputed by the parties on the trial of the case; however, the record contains testimony by the plaintiff and her witnesses which, if believed by the jury, would support a finding of continuing disability during the above period.

Defendant further contends that the injection of workmen's compensation benefits by plaintiff's attorney was prejudicial to defendant. Defendant initially introduced exhibit 6 (policyowner's report of disability, dated May 18, 1961), which indicated that plaintiff had not received workmen's compensation benefits. Thereafter, plaintiff's attorney inquired of plaintiff if she subsequently did receive workmen's compensation benefits and the trial court permitted plaintiff to testify she had received benefits, over defendant's objections.

We do not believe that, under the facts in this case, the manner in which the workmen's compensation benefits were injected, if error at all, constituted reversible error. Both counsel actively introduced the subject before the jury. Plaintiff's answer as to workmen's compensation benefits was for the purpose of clarifying the record. No prejudice could result to defendant from this explanation. We do not read *Leitelt Iron Works* v. *DeVries,* 369 Mich 47, as prohibiting the answer of plaintiff in this case.

A review of the entire record in this case does not indicate that the verdict of the jury was against the overwhelming weight of the evidence.

The verdict and judgment of the trial court are affirmed. Plaintiff shall have costs.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.