MILLER *v.* HUIZINGA

1. AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER ACT—CONSTITU-
   TIONAL LAW—DUE PROCESS.

   A right of action for a tort to happen in the future is not
   property, and may be abrogated by statute, without offending
   the due process clause of the United States Constitution; there-
   fore plaintiff who was injured in an automobile accident while
   a passenger in a motor vehicle owned and operated by de-
   fendants, was not deprived of her property right without due
   process of law by the guest passenger statute which makes
   an operator of a motor vehicle liable to an injured guest
   passenger only when the operator has been guilty of gross neg-
   ligence, or willful and wanton misconduct (US Const, Am 14;
   MCLA § 257.401).

2. AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER ACT—CONSTITU-
   TIONAL LAW—EQUAL PROTECTION.

   The guest passenger statute which makes an operator of a
   motor vehicle liable to an injured guest passenger only when
   the operator has been guilty of gross negligence or willful
   and wanton misconduct, has been upheld as constitutional
   by the United States Supreme Court and the State Supreme
   Court and does not deny guest passengers equal protection
   of the laws (US Const, Am 14; MCLA § 257.401).

3. AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER ACT—ELEMENTS
   OF TORT.

   To recover under the automobile guest passenger statute, the
   plaintiff must show that the defendant driver had an affirma-
   tively reckless state of mind with intent to depart from careful
   driving (MCLA § 257.401).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 472.
   Constitutionality of automobile guest statutes.  111 ALR 1013.
[3–5] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 486–489.

4. Automobiles—Negligence—Guest Passenger Act—Degree of
   Danger.

> Liability under the automobile guest passenger statute is normally imposed not alone because a host driver violates warnings, not alone because he speeds, not alone because he is inattentive to traffic or the rules of the road, but it is imposed because his conduct, usually made up of the sum total of these factors, manifests a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences (MCLA § 257.401).

5. Automobiles—Negligence—Guest Passenger Act—Gross Negligence—Burden of Proof.

> Plaintiff injured in an automobile accident while a passenger in a vehicle owned and operated by defendants failed to sustain the burden of proving defendant driver guilty of gross negligence or willful and wanton misconduct, where the uncontradicted evidence showed that plaintiff was seated in the right front seat of an automobile driven by a defendant, the driver struck a car in front of her and plaintiff was thrown forward and plaintiff's kneecap was broken, and the contradicted evidence showed that defendant driver was upset over her son's military service and approaching marriage, that the car accelerated just before the accident, and that defendant driver turned to talk to a passenger in the rear seat just before the accident (MCLA § 257.401).

Appeal from Kent, John T. Letts, J.  Submitted Division 3 April 9, 1970, at Grand Rapids.  (Docket No. 6,832.)  Decided April 27, 1970.

Complaint by Julia Miller against Clarence Huizinga and Marguerite Cornelia Huizinga, for automobile negligence under the guest passenger act. Plaintiff's action dismissed.  Plaintiff appeals.  Affirmed.

*Rosemary Scott,* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer,* for defendants.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

HOLBROOK, J.    This non-jury negligence case involved plaintiff Julia Miller, a guest passenger in an automobile driven by defendant Marguerite Cornelia Huizinga and owned by defendant Clarence Huizinga.   After hearing the proofs of plaintiff, defendants made a motion to dismiss.   The trial judge deferred decision on the motion until after defendants presented their proofs.   The motion was then renewed and granted by the court, dismissing plaintiff's case pursuant to GCR 1963, 504.2.

Plaintiff's motion for a new trial was denied and she has taken this appeal.

Plaintiff's complaint charged Mrs. Huizinga with driving her vehicle intentionally, willfully and in wanton disregard of the rights and safety of the plaintiff and in a manner grossly negligent, causing her vehicle to collide with the rear of the vehicle ahead  of her with resulting injuries to plaintiff. Plaintiff claimed damages for pain and suffering and sundry expenses.   No claim was made for hospital or medical expenses, these having been cared for voluntarily by defendants or otherwise paid.

The pertinent facts show that plaintiff and defendants differ on how the accident happened.   Both parties agree that they, together with a third lady, were on their way to attend a meeting; that plaintiff was seated in the right front seat; that defendant was driving and that the other lady was seated in the right rear seat.   While proceeding on 28th Street in the city of Wyoming, the driver struck the car in front of her and plaintiff was thrown forward and her kneecap was broken.   Plaintiff testified that Mrs. Huizinga had been emotionally upset that day

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

over her son's military service and approaching marriage. There was other testimony introduced indicating that she was not upset enough to affect her driving. Plaintiff further testified that she felt the car accelerate just before the impact; that defendant told her later that just before the accident she had turned back to talk to the lady in the back seat. Mrs. Huizinga and the other passenger in their testimony denied that the car accelerated just before the accident, and defendant driver stated that she did not look back as claimed by plaintiff, and the other passenger stated she did not see Mrs. Huizinga look back. The plaintiff on cross-examination testified that Mrs. Huizinga had not been drinking; had not been following too closely the vehicles ahead of her; that she had been driving moderately; that she did not have to warn the defendant about any improper driving; that defendant did not exhibit any signs of anger; and that she did not observe the defendant driver turn back to talk with the other passenger in the back seat just before the impact.

Mrs. Huizinga asserted in her answer and testified at the trial that the accident was caused by the sudden stopping of the car ahead of her and that she was faced with a sudden emergency not of her own making. The driver of the car struck in the rear testified that he was stopped for a red light and had not stopped suddenly. There was testimony to the effect that the accident did not occur at the intersection but a considerable distance back from it.

Plaintiff raises two issues for determination on this appeal:

(1) *Does the Michigan guest passenger statute violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution?*

(2) *In the instant case did the plaintiff sustain her burden of proving that defendant driver was guilty of gross negligence or willful and wanton misconduct?*

I

The plaintiff asserts that the provision of the Michigan guest passenger statute, MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101) which makes an operator of a motor vehicle liable to an injured guest passenger only when the operator has been guilty of gross negligence or willful and wanton misconduct, is unconstitutional, because it violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. The due process clause provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." Plaintiff contends in effect that the guest passenger statute deprives her of property without due process of law. This position is untenable because this issue has been settled in the case of *Naudzius* v. *Lahr* (1931), 253 Mich 216, 221, wherein it is stated:

"A right of action for a tort to happen in the future is not property, and may be abrogated by the legislature."

The issue raised by plaintiff's claim that the statute denies her equal protection of the laws was also raised in the case of *Naudzius* v. *Lahr, supra,* wherein the Court set forth the conditions that are necessary to hold a statute invalid under the equal protection clause, and ruled that the Michigan guest statute was constitutional. See, also, *Silver* v. *Silver* (1929), 280 US 117 (50 S Ct 57; 74 L Ed 221; 65 ALR 939), and *Carmichael* v. *Southern Coal Co.* (1936), 301 US 495 (57 S Ct 868; 81 L Ed 1245).

The plaintiff cites dictum contained in the decision of *Stevens* v. *Stevens* (1959), 355 Mich 363, 371, and refers this Court to writings of certain legal scholars who have criticized the Michigan guest passenger statute in support of her position. That an argument in support of plaintiff's claims can be asserted is not in contest. However, the United States Supreme Court and Michigan Supreme Court have ruled the act constitutional. Plaintiff's appeal for a change in the law is made in the wrong forum. It should be addressed to the legislature for attention.

## II

In *Stevens* v. *Stevens, supra,* it was ruled that under the facts therein the trial court could find properly that defendant was guilty of gross negligence. In the instant case the trial judge determined that the plaintiff had not sustained her burden of proving defendant guilty of gross negligence or willful and wanton misconduct. In determining what is necessary for a plaintiff to show in order to recover under the guest passenger statute we turn to the recent case of *Brooks* v. *Haack* (1965), 374 Mich 261, 265, wherein it is stated:

"The thread which seems to run through all is a showing that the driver had 'an affirmatively reckless state of mind with intent to depart from careful driving.'"

Also see *May* v. *Goulding* (1961), 365 Mich 143, 147, 148.

In the recent case of *Anderson* v. *Gene Deming Motor Sales, Inc.* (1963), 371 Mich 223, 230, the conduct necessary to be present in order to justify liability under the guest passenger statute is stated as follows:

"Justice TALBOT SMITH, writing for the Court, in *Stevens* v. *Stevens* (1959), 355 Mich 363, 371, said with respect to liability under the guest statute:

" 'It is normally imposed not alone because a host driver violates warnings, not alone because he speeds, not alone because he is inattentive to traffic or the rules of the road. It is imposed because the conduct, usually made up of the sum total of these factors, manifests a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences.' "

We conclude after reviewing the record carefully that the trial court correctly determined that plaintiff had failed to sustain her burden of proof to show that defendant driver was guilty of gross negligence or willful and wanton misconduct. At most, the evidence *might* be construed as showing defendant driver guilty of ordinary negligence.

Affirmed. Costs to defendants.

All concurred.