KIEFT v BARR

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On an appeal from a directed verdict the Michigan Supreme Court must view the facts in the light most favorable to the plaintiff-appellant.

2. NEGLIGENCE—GROSS NEGLIGENCE—JURY QUESTION.

Whenever reasonable minds can differ on the existence of gross negligence the issue should be submitted to the jury.

3. AUTOMOBILES—GUEST PASSENGER—GROSS NEGLIGENCE—JURY QUESTION—EVIDENCE—SPEED—RAILROADS.

Testimony presented in an automobile guest passenger case was sufficient to allow the issue of gross negligence to be considered by the jury where not only was there evidence of excessive speed but also evidence of verbal cautioning by the plaintiff, a marked railroad crossing plus visual and auditory warning signals on the train with which the automobile collided and the driver's prior exposure to the topography of the road; the jury could have reasonably concluded that a totality of the circumstances revealed: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and Van Valkenburg, JJ., affirming Macomb, Edward J. Gallagher, J. Submitted November 7, 1973. (No. 7 November

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 524.
  5 Am Jur 2d, Appeal and Error § 814.
[2, 3] 58 Am Jur 2d, Negligence §§ 138, 148, 163, 261.

Term 1973, Docket No. 54,486.) Decided February 14, 1974.

Complaint by Laird Edward Kieft against John M. Barr, administrator of the estate of Robert John Corkins, deceased, for damages for injuries sustained in an automobile collision. Directed verdict and judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for a new trial.

*Dannemiller & Collins* (by *Michael McCormick),* for plaintiff.

*Halsey, Halsey & Pommerening,* for defendant.

SWAINSON, J. Plaintiff-appellant appeals from a directed verdict[1] in favor of defendant-appellee for failure by plaintiff to establish gross negligence as a matter of law in this automobile guest passenger case.[2] We reverse and remand for a new trial.

The parties agree that the following events occurred. Plaintiff Laird Edward Kieft was guest passenger in an automobile driven by defendant's decedent, Robert John Corkins. Both men were off duty state troopers. They had spent the night prior to the day of the instant accident in Caro, Michigan at a hotel operated by a cousin of Corkins. On the day of the accident (June 3, 1966) they awoke around 9:30 a.m., ate breakfast, played pool and had a beer until lunch. After lunch at the hotel they departed in Corkins automobile. They were driving east on Clifford Road on the outskirts of the Village of Clifford when, due to the excessive speed at which Corkins was driving, Corkins was

[1] Affirmed by the Court of Appeals, Per Curiam, filed October 27, 1972.

[2] MCLA 257.401; MSA 9.2101.

unable to stop the automobile in time to avoid colliding with a train crossing Clifford Road at a marked railroad crossing. The automobile skidded and struck an embankment on the side of the road and rebounded into the moving train. Corkins was killed in the collision and Kieft suffered serious physical injury.

The remaining facts are in dispute. On an appeal from a directed verdict we must, of course, view them in the light most favorable to the plaintiff-appellant. *Prentkiewicz v Karp,* 375 Mich 367; 134 NW2d 717 (1965); *Washington v Jones,* 386 Mich 466; 192 NW2d 234 (1971). Viewed in this light the record discloses that the normal 65 mph speed limit on Clifford Road was reduced to a posted 40 mph near the village limit and approximately four-tenths of a mile before the railroad crossing. Clifford Road also made a right angle curve with a posted 25 mph speed limit on the east side of the crossing shortly after the tracks. Additional testimony established that although this curve was not visible from the west side of the crossing, Corkins had lived in the vicinity of the crossing and had traveled this portion of Clifford Road on prior occasions.

The train approached the crossing at a speed of 28 mph and sounded a warning signal from a point one-quarter mile before the crossing. The warning was repeated as the train neared, then crossed the road and the train's headlight and rotating beacon were functioning and in use. It was stated that from a point 500 feet west of the crossing a driver could sight the train at a position of 62 feet before it crossed the road.

Corkins was driving at an estimated speed of 65 to 80 mph. Plaintiff testified that he asked Corkins to slow down but did not persist in such warning

since Corkins was his senior officer. Skid marks from Corkin's automobile were present from a point 338 feet west of the crossing and continued to a point 122 feet west of the crossing where the automobile struck the opposite side road bank prior to striking the train. The automobile collided with the fourth car on the train indicating that the train's engine had proceeded 225 feet beyond the crossing by the moment of impact.

We find that the testimony presented in this case was sufficient to allow the issue of gross negligence to be considered by the jury. Whenever reasonable minds can differ on the existence of gross negligence the issue should be submitted to the jury. *Tien v Barkel,* 351 Mich 276; 88 NW2d 552 (1958). Not only was there evidence of excessive speed but also evidence of verbal cautioning by the plaintiff, a marked railroad crossing plus visual and auditory warning signals on the train and the deceased's prior exposure to the topography of the road.

From the testimony presented, the jury could have reasonably concluded that a totality of the circumstances revealed:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) The omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' " *Tien v Barkel, supra,* 281–282.

The Michigan case law on gross negligence in guest passenger cases has been sufficiently developed. In light of our prior holding in the above cited cases and, *Stevens v Stevens,* 355 Mich 363,

371–373; 94 NW2d 858 (1959); *McKenzie v Mc-Kenzie,* 374 Mich 320; 132 NW2d 73 (1965); *Davis v Hollowell,* 326 Mich 673; 40 NW2d 641; 15 ALR2d 1160 (1950); *Anderson v Gene Deming Motorsales, Inc,* 371 Mich 223; 123 NW2d 768 (1963), we reverse the directed verdict in favor of defendant and remand this case for a new trial before a jury.

The Court of Appeals is reversed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with SWAINSON, J.

J. W. FITZGERALD, J., did not sit in this case.