PETERSON v SCHUITEMA

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

In an appeal from a directed verdict the facts are viewed in the light most favorable to the plaintiff.

2. AUTOMOBILES—GUEST PASSENGER—STATUTES—SUPREME COURT— CASE PRECEDENT—COURT OF APPEALS.

The Michigan guest passenger statute has been held to be constitutional by the Supreme Court and the Court of Appeals must abide by that ruling as it has no authority to overturn decisions of the Supreme Court where there is no allegation of a change of either circumstances or law that would suffice to make a case precedent inapplicable (MCLA 257.401).

3. NEGLIGENCE—GROSS NEGLIGENCE—ELEMENTS.

Gross negligence may be found where there exists: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

4. AUTOMOBILES—NEGLIGENCE—GROSS NEGLIGENCE—JURY QUESTION.

In an action by a plaintiff passenger against a defendant driver there was a sufficient possibility of the finding of gross negligence so that the question should have been submitted to the jury where the defendant failed to stop at a sign and struck another car, the defendant was familiar with the intersection, and there was testimony to indicate that the defendant knew he was required to stop.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 355.
   30 Am Jur 2d, Evidence § 1086.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 472.
   Constitutionality of automobile guest statutes. 111 ALR 1011.
[3] 57 Am Jur 2d, Negligence §§ 99, 100.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 899, 1013.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 October 9, 1974, at Grand Rapids. (Docket No. 18254.) Decided October 22, 1974. Leave to appeal applied for.

Complaint by Anette Peterson against Gerrit Schuitema for damages for injuries suffered in an automobile collision. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock, P. C.,* for plaintiff.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and Mc-GREGOR, JJ.

McGREGOR, J. This is an appeal from a directed verdict. The facts are stated in the light most favorable to the plaintiff. *Kieft v Barr,* 391 Mich 77, 79; 214 NW2d 838 (1974).

Plaintiff was a guest passenger in an automobile driven by defendant when involved in an accident on October 13, 1972. The record shows that defendant approached the intersection of Mill Iron Road and Hall Road in Muskegon County. Traffic on Mill Iron Road is required to stop, and the intersection is so marked with visible stop signs. The traffic on Hall Road is through traffic. Defendant was familiar with the intersection from prior experience and there is some testimony that he was travelling slowly at the time of the accident, because he knew that he would have to stop at the intersection.

At some point before they reached the intersection, plaintiff stated that she was cold; defendant

reached under the dashboard to turn off the car's air-conditioning. His attention was thus diverted and he entered the intersection without stopping, striking another car travelling on Hall Road. This car, in turn, collided with a third car. Plaintiff was injured. The record indicates that defendant was travelling within the speed limit. Defendant was 82 years old at the time of the accident and is since deceased.

Plaintiff brought suit, alleging ordinary and gross negligence. The trial court, at the commencement of trial, ruled that the Michigan guest passenger statute, MCLA 257.401; MSA 9.2101, was constitutional, and, therefore, the trial proceeded solely on the issue of gross negligence. At the close of the parties' proofs, defendant made a motion for a directed verdict. Granting the motion, the trial court stated:

> "I am impressed of the fact that a state of mind must exist in a Defendant so charged, and that state of mind must be so wilfull, and it must be so wanton, and so disregardful, and so reckless, that it fits the definitions that the law has given us throughout these years of automobile negligence."

The trial court found no evidence of such a state of mind. Plaintiff also made a motion for a new trial, arguing that the jury should have decided the issue of gross negligence. The motion was denied for the same reason.

Plaintiff alleges two errors in the proceedings below.

The first contention is that the Michigan guest passenger statute is unconstitutional because it infringes upon the equal protection clauses of the state and Federal constitutions.

This argument may have some merit, especially

since the Supreme Courts of California *(Brown v Merlo,* 8 Cal 3d 855; 106 Cal Rptr 388; 506 P2d 212 [1973]), and Kansas *(Henry v Bauder,* 213 Kan 751; 518 P2d 362 [1974]), and several lower courts in other states have held such statutes unconstitutional. This precise question, however, has been raised in *Naudzius v Lahr,* 253 Mich 216; 234 NW 581 (1931); see also *Miller v Huizinga,* 23 Mich App 363; 178 NW2d 542 (1970).

This statute was validated by our Supreme Court against an equal protection attack. Plaintiff does not allege a change of either circumstances or law that would suffice to make *Miller v Huizinga, supra,* presently inapplicable to this case, but contends that the Court of Appeals has authority to overturn decisions of the Supreme Court. We must hold that case controlling. *Komendera v American Bar & Cabinet Manufacturers,* 39 Mich App 370, 377; 197 NW2d 511 (1972); *People v Haggerty,* 27 Mich App 594; 183 NW2d 862 (1970).

Secondly, plaintiff asserts that the trial court's direction of a verdict for the defendant on the issue of gross negligence was clear error. In a recent Supreme Court case, the three-part test stated in *Tien v Barkel,* 351 Mich 276; 88 NW2d 552 (1958), has been used to determine the outcome of this issue:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) The omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another." *Kieft v Barr, supra,* p 80.

In *Kieft v Barr,* 391 Mich 77; 214 NW2d 838 (1974), and *Washington v Jones,* 386 Mich 466; 192

NW2d 234 (1971), the fact situations were no more indicative of a reckless and wanton state of mind than in the present case. Neither case suggested that an affirmative showing of such a state of mind was required. We can only conclude that on the objective facts presented on the record, compared with the cases cited above, there was a sufficient possibility of the finding of gross negligence that the question should have been presented to the jury.

The directed verdict for the defendant is therefore reversed and the case is remanded to the trial court for a new trial.

All concurred.