HENDERSHOTT v RHEIN

1. Appeal and Error—Directed Verdict—Evidence.

A reviewing court in considering an appeal from a directed verdict must view the facts presented at trial in the light most favorable to the opposing party.

2. Jury—Jury Question—Contested Issue—Existence—Reasonable Minds.

The existence of a contested issue is an issue to be decided by a jury whenever reasonable minds could differ.

3. Negligence—Gross Negligence—Elements—Automobiles—State of Mind.

The elements necessary to show gross negligence are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of means at hand, (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another, (4) an affirmatively reckless state of mind with the intent to depart from careful driving.

4. Automobiles—Negligence—Gross Negligence—State of Mind—Evidence—Reasonable Inferences—Prior Conduct.

Reasonable inferences from the evidence may be used to make the requisite showing in an action for gross negligence in the driving of an automobile that the driver had an affirmatively reckless state of mind and that he intended to depart from careful driving, and the prior conduct of a driver may, in appropriate cases, be used to demonstrate a driver's later state of mind and to prove that it was affirmatively reckless.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 547, 548.

[2] 47 Am Jur 2d, Jury §§ 15, 16.

[3] 57 Am Jur 2d, Negligence §§ 99, 438.

[4, 5] 7 Am Jur 2d, Automobiles and Highway Traffic § 263 *et seq.*

[6, 7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 571–614.

5. Automobiles—Negligence—Gross Negligence—Appeal and Error—Directed Verdict—Evidence—Admissions—Jury—Inference.

A directed verdict for defendants in an action for gross negligence by a passenger in the defendants' car was improperly granted by a trial court where the driver of the car admitted at trial that at the time of the accident he had been driving all night after having consumed a significant amount of alcohol and that he was speeding on a road which he knew to have icy spots, and there was evidence presented of earlier reckless driving; a jury could reasonably have inferred from defendant's description of the accident that his reckless conduct had continued.

6. Automobiles—Negligent Entrustment—Elements—Simple Negligence.

A plaintiff to prove negligent entrustment of a motor vehicle must establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact incompetent; and that the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency; the plaintiff need only show simple negligence in the entrustment and in the behavior which caused the activity.

7. Automobiles—Negligent Entrustment—Evidence—Authority.

Sufficient evidence existed to present the issue of negligent entrustment to a jury where the defendant owner clearly gave the defendant driver authority to drive his car; at the time of the entrustment the owner knew that the driver had consumed a large quantity of alcohol; he knew that the car's steering mechanism was not functioning properly; and he knew that road conditions in the area were potentially hazardous.

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 February 11, 1975, at Detroit. (Docket No. 18055.) Decided May 27, 1975.

Complaint by Arnold Hendershott, individually and as next friend of Christine Hendershott, a minor, against Steve Rhein, Mary Rhein and John Putnik, jointly and severally, for damages for injuries received in an automobile collision. Judgment

for defendants. Plaintiff appeals. Reversed and remanded.

*Moore, Barr & Kerwin,* for plaintiff.

*Drillock, Atkins & Schrope,* for defendants.

Before: D. E. HOLBROOK, P. J., and DANHOF and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. At the close of plaintiff's proofs during a jury trial in Lapeer County Circuit Court, defendants moved for and were granted a directed verdict. Plaintiff appeals as of right.

On an appeal from a directed verdict, the reviewing court must view the facts presented at trial in the light most favorable to the opposing party. *Kieft v Barr,* 391 Mich 77; 214 NW2d 838 (1974), *Peterson v Schuitema,* 56 Mich App 255; 224 NW2d 55 (1974). The action arose out of injuries incurred by plaintiff's minor daughter Christine in an automobile accident which occurred in the early morning hours of March 28, 1971. At the time the accident took place, the car, which was owned by defendants Steve and Mary Rhein, was being driven by defendant John Putnik. Plaintiff's daughter, Steve Rhein, John Putnik and others had been driving around the Lapeer and Flint area the previous evening. There was a case of beer in the car, and all the occupants had been drinking.

At about 11 o'clock, the group decided to drive north to Onaway. Soon after starting the drive, the car's power steering stopped functioning and the power steering belt was replaced. The steering, however, continued to malfunction. At this point, Steve Rhein, who had been driving, turned the driving over to John Putnik. Over the course of

the evening, Rhein had consumed about seven bottles of beer, and at the time he began to drive, Putnik, according to Christine Hendershott's estimate, had finished about nine or ten bottles. From the time Putnik started driving to the time of the accident, a period of about four or five hours, plaintiff's daughter and Steve Rhein were asleep. Plaintiff's daughter testified that, at some point, she woke up, saw that the car was traveling 110 m.p.h., told Putnik to slow down, and went back to sleep. Putnik testified that he had, at one time during the evening, been driving at 80 to 90 m.p.h. and had been driving at 70 to 75 m.p.h. on the expressway on which the accident occurred. No evidence was presented concerning the posted speed limit on the expressway. Putnik stated that the expressway was generally clear, with patches of ice. Putnik also testified that, while he was driving, the car's power steering "kept going in and out". The only testimony as to how the accident occurred was from Putnik who claimed that he lost control of the car when it hit a patch of ice and that the car swerved into a snowbank.

Based on these facts, plaintiff claims that the trial court erred by directing verdicts on the alternative issues he raised at trial: (1) whether the actions of defendant Putnik constituted gross negligence and (2) whether the actions of defendant Steve Rhein constituted negligent entrustment. Whenever reasonable minds could differ on the existence of a contested issue, the issue is for the jury to decide. *Washington v Jones,* 386 Mich 466; 192 NW2d 234 (1971), *Mackey v Island of Bob-Lo Co,* 39 Mich App 64; 197 NW2d 151 (1972).

I

Because plaintiff sued defendant owners under

the Michigan guest-passenger statute, he could only recover if the accident was caused by the "gross negligence or willful and wanton misconduct" of the driver. MCLA 257.401; MSA 9.2101. In *Kieft v Barr, supra,* the Supreme Court, quoting from the case of *Tien v Barkel,* 351 Mich 276; 88 NW2d 552 (1958), described the elements necessary to show gross negligence:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' " 391 Mich 77, 80; 214 NW2d 838, 839.

Although not specifically required by *Kieft,* it would appear that the sum total of the facts must also show that the driver had "an affirmatively reckless state of mind with intent to depart from careful driving". *Brooks v Haack,* 374 Mich 261, 265; 132 NW2d 13, 15 (1965). This showing has been required by prior cases, most notably by *Tien v Barkel, supra,* and by those other cases cited as standards in *Kieft.* [1] Reasonable inferences from the evidence may, of course, be used to make the requisite showing. *Stevens v Stevens,* 355 Mich 363; 94 NW2d 858 (1959). The prior conduct of a driver may be used to demonstrate a driver's later state of mind and to prove that it was "affirmatively reckless". *Cramer v Dye,* 328 Mich 370; 43 NW2d 892 (1950), *Anderson v Lippes,* 18 Mich App

[1] *Stevens v Stevens,* 355 Mich 363; 94 NW2d 858 (1959), *McKenzie v McKenzie,* 374 Mich 320; 132 NW2d 73 (1965), *Davis v Hollowell,* 326 Mich 673; 40 NW2d 641 (1950), *Anderson v Gene Deming Motor Sales Inc,* 371 Mich 223; 123 NW2d 768 (1963).

281; 170 NW2d 908 (1969). As the Court in *Cramer v Dye, supra,* noted,

"In determining whether or not a host motorist was guilty of wilful and wanton misconduct, the jury could properly consider his reckless state of mind and also his persistently reckless course of conduct during the trip from its commencement to the point of the accident." [Citation omitted.] 328 Mich 370, 376; 43 NW2d 892, 894.

Evidence in the instant case was clearly sufficient to show that defendant John Putnik may have been driving recklessly several hours before the accident. He had consumed from eight to ten bottles of beer and, at various times, was driving at between 70 and 80, at one point 110, m.p.h. on roads which he knew to have patches of ice and in a car with a steering problem. The trial court, however, felt that Putnik's earlier activity was too remote to allow an inference that he was driving recklessly at the time of the accident. We disagree. Defendant Putnik admitted that, at the time the accident occurred, he had been driving all night after having consumed a significant amount of alcohol and that he was driving 70 to 75 m.p.h. on a road which he knew to have icy spots. These admissions, viewed in light of evidence of his earlier reckless driving, presented an issue of gross negligence for the jury. The jury could reasonably have inferred from Putnik's description of the accident that his reckless conduct had continued.

The trial court, in granting a directed verdict, relied on the case of *North v Trowbridge,* 39 Mich App 10; 197 NW2d 166 (1972). Significant facts which support gross negligence here were absent in *North.* As the Court noted there:

"Defendant was driving at a slow speed, was not under any strain, mental or physical, was not warned of any dangerous situation relating to his driving, and was not under any adverse influences. The reason that he collided with the truck was not disclosed but the evidence affords inferences only of, at the most, ordinary negligence on his part." *Id.* at 18; 197 NW2d at 172.

We find more relevant and persuasive the case of *Anderson v Lippes, supra.* There, the plaintiff was injured while returning with defendant from a picnic. On the way to the picnic, the defendant driver had been "rallying", which included "taking curves as fast as he could without losing control" and accelerating out of the curves. At the picnic, defendant consumed some wine over a two-hour period. Plaintiff fell asleep on the return trip and could not testify concerning the accident. The *Anderson* court found that a showing that defendant exceeded the speed limit on a road he knew to be dangerous, when viewed in the light of defendant's prior conduct, presented enough evidence to support a verdict of wilful and wanton misconduct.

## II

To prove negligent entrustment, a plaintiff must establish:

"that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency." *Perin v Peuler (On Rehearing),* 373 Mich 531, 538–539; 130 NW2d 4, 8 (1964), quoting *Gulla v Straus,* 154 Ohio St 193; 93 NE2d 662 (1950).

To establish negligent entrustment, a plaintiff

need show only simple negligence in the entrustment and in the behavior which caused the activity. *Chapman v Buder,* 14 Mich App 13; 165 NW2d 436 (1968), *lv den,* 381 Mich 798 (1969).

We find that sufficient evidence existed to present the issue of negligent entrustment to the jury. Steve Rhein clearly gave Joe Putnik authority to drive his car. At the time of the entrustment, Steve Rhein knew that Putnik had consumed a large quantity of alcohol. He knew that the car's steering mechanism was not functioning properly. He knew that road conditions in the area were potentially hazardous. Our finding of sufficient evidence to present a jury question of Putnik's gross negligence *a fortiori* requires our finding that enough evidence existed to present a jury question of simple negligence in Putnik's driving.

Reversed and remanded. Costs to plaintiff.